FILED
NOV 1 5 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMANDER CRAIG C. SCOTT, USNR (Ret.) )<br>20829 Spinning Wheel Place )<br>Germantown, Maryland 20874 )<br>   )<br>   Plaintiff )<br>   (301) 518-1223 )<br>   )<br>   v. )<br>   )<br>GORDON R. ENGLAND, SECRETARY OF )<br>   THE NAVY )<br>   Office of the Secretary of the Navy )<br>   Washington, DC 20350-1000 )<br>   )<br>   Defendant )<br>   ) | CASE NUMBER 1:05CV02218<br><br>JUDGE: Ricardo M. Urbina<br><br>DECK TYPE: Administrative Agency Rev:<br><br>DATE STAMP: 11/15/2005 |

## COMPLAINT

(Fifth Amendment – Equal Protection and Due Process; Correction of Military Records)

Plaintiff respectfully pleads as follows:

This Complaint is being filed asserting constructive exhaustion of administrative remedies. The Defendant has failed to fully act in accordance with a self-prescribed process. The only documented action that was completed was accomplished in such a reckless fashion that the results not only lack credibility, but cause the process of conducting a special selection promotion board without undue bias, but with fairness and attention to detail, to be highly suspect.

### JURISDICTION AND VENUE

1.   This Court has jurisdiction over this matter pursuant to one or more of the following grants of jurisdiction: the Administrative Procedures Act, 5 U.S.C. § 701; the Civil Rights Act, 42 U.S.C. § 703, mandamus, 28 U.S.C. § 1361; and declaratory judgment, 28

1

U.S.C. § 2201, and 10 U.S.C. § 14502(h)(2). This case presents federal questions pursuant to 28 U.S.C. § 1331.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391(e).

## THE PARTIES

3. Plaintiff was, at the time of the incidents giving rise to this action, a commissioned officer in the United States Naval Reserve.

4. Plaintiff retired (without pay) as a Naval Reserve Commander subsequent to, and because of, his second failure to promote to the rank of Captain. He had been selected through the Fiscal Year 1998 Command and Senior Officer (O-5/O-6) Non-Command Screening Board for a Captain's billet, however, he was removed from the Captain's billet for which he was selected because of his failure to promote. He was originally commissioned in 1976 as an Ensign, United States Navy, following completion of a Bachelor of Science Degree in Ocean Engineering and graduation from the United States Naval Academy at Annapolis, Maryland. He served on sea duty in nuclear fast attack submarines for ten years, including three Department Head tours, concluding his active duty service as the Chief Engineer Officer on a nuclear attack submarine. Plaintiff licensed as a Professional Engineer through state qualifications and testing and as a merchant marine Chief Engineer through the United States Coast Guard. As an Officer in the Naval Reserve he served in various staff and operational billets for 13 years including administrative assignments as Department Head and Executive Officer, and operational assignments, following qualifications, as Commodore Chief Staff Officer and Battle Watch Commander. During this period he completed the degrees of Master of Business Administration and Juris Doctor. Additionally, Plaintiff completed all three Reserve Officer courses at the United States Naval

2

War College, Newport, Rhode Island; the NATO Allied Command Staff Course in Oberammergau, Germany; and the Federal Executive Institute in Charlottesville, Virginia. His civilian professional responsibilities have included manager positions in the commercial nuclear power industry and executive positions within the Federal Government. His last promotion, to the rank of Commander, occurred in 1991. Plaintiff was considered for promotion to the rank of Captain by the Fiscal Year 1997 and Fiscal Year 1998 Naval Reserve Captain (Line) Selection Boards but was not selected for promotion. His official record contained administrative errors during the Fiscal Year 1998 Selection Board that occurred due to no fault of the Plaintiff and could not have been discovered by him prior to the Selection Board. Plaintiff petitioned for a Special Selection Promotion Board following correction of the record to remedy the administrative error, but the petition was denied until a complaint was filed in the United States District Court for the District of Columbia, civil action number 02-0677 (rmu), in order that the statute of limitation for this complaint not be exceeded prior to achieving exhaustion of administrative remedies or final agency action. He is a citizen and resident of the state of Maryland.

5. Defendant Gordon R. England is the Secretary of the Navy, and is sued in his official capacity only.

## FACTS

6. The selection of commissioned Naval Officers for promotion to the next grade is conducted by a promotion selection board convened under the provisions of 10 U.S.C. § 611(a).

7. On 11 January 1996 and 17 January 1997, the Defendant issued the precepts

3

to the respective Fiscal Year 1997 and Fiscal Year 1998 Selection Boards to consider Officers in the Line of the Naval Reserve for promotion to the permanent grade of Captain. The Plaintiff was considered for, and denied, promotion during the proceedings of these two Selection Boards. Copies of these memoranda are attached to this Complaint as Plaintiff's Exhibit 1, and Plaintiff's Exhibit 2, respectively. Except for paragraph or section numbering, these documents, for purposes of this Complaint, are identical, and future reference to specific content will be directed to the numbering scheme of Exhibit 1. These documents contain instructions to the Selection Boards regarding the criteria to be used for the selection process during the conduct of the Selection Boards. Although the instructions in the main documents require that "The "best qualified" standard shall be applied uniformly to all eligible officers in, or above the promotion zone." the documents each contain a separate section labeled "Supplemental Guidance" that delineate special considerations to be given female and minority officers in the selection process.

8.    Specifically, demanding special consideration for female officers in the selection process, the Supplemental Guidance, in section 2, states, in relevant portion:

> Due to historic statutory restrictions on the assignment of women in the Navy…in determining a women's qualification for promotion, duty performed by a female officer, whose assignability was constrained by law or policy, shall be given weight equal to duty performed by a male officer not so constrained which is equally well performed. In evaluating a female officer, emphasis will be placed on her actual performance in assignments rather than her pattern of assignments as compared to male officers.

See Plaintiff's Exhibits 1 and 2.

In as much as Reserve Naval Officers are, generally, support or back-up to active duty Command Activities, and function in staff as opposed to combat assignments, there are few, if any, constraints on female officers in the Naval Reserves that would cause male officers to

be assigned such "choice" billets that would, in and of themselves, enhance their ability to promote by such a degree that special consideration to female officers is necessary or appropriate. There are few gender specific billets in the Reserves and, of those, the gender limitation stems from designators that were acquired while on active duty. In the specific case of the Plaintiff, his designator was acquired through qualification and service in the submarine force, however, he was proscribed from submarine service as a Reserve Officer as a matter of policy and was expected to use any prior experience in a support or staff capacity. Requiring special consideration for a Naval Reserve Officer to promote to the rank of Captain, merely on the basis of gender, asserting that all female Naval Reserve Officers have been denied an opportunity to perform in a "pattern of assignments" due to law or policy restrictions, denies male Naval Reserve Officers an equal opportunity in the promotion selection process when equivalent policy restrictions encumbering male officers' assignments are not afforded equivalent consideration. Employing historical combat and sea duty restrictions relevant, in their time, to active duty female Naval Officers, to establish a basis for special promotion consideration for reserve female Naval Officers in 1997 and 1998, when combat and sea duty restrictions have minimal application to Naval Reserve officers generally, and, specifically, do not distinguish male from female Naval Reserve Officers, is gender discrimination not supported by an important governmental objective and has no factual basis in identified or widespread past institutional discrimination with respect to reserve female Naval Officers.

9. The Supplemental Guidance, in section 3, is dedicated to special considerations in the selection process to be afforded minority officers and demands, in relevant portion:

5

...Aggressive commitment to equal opportunity is critical.

b. <u>The 1988 CNO Study Group Report on Equal Opportunity in the Navy</u>, ...noted that minority officers who, prior to entering the Navy, had limited interaction with a predominantly majority environment, may take a longer time to adjust and perform to the level of their contemporaries. This may result in initially lower fitness reports at the junior officer level (through O-3) and a higher percentage of "late bloomers" than their majority counterparts. You must consider this when evaluating a minority officer's potential and in determining which eligible officers are best and fully qualified for promotion.

c. Minority officers historically have not been promoted at rates equivalent to those of non-minority officers. In evaluating the records of officers, the boards should be aware that past discrimination may have operated to the disadvantage of minority officers. Such discrimination may have manifested itself in disproportionately lower fitness reports. The boards must consider this when evaluating a minority officer's potential and in determining which eligible officers are best and fully qualified for promotion.

d. The charter of these boards is to select those officers who are "best and fully qualified." Within this charter, the Navy's goal is to achieve a minority selection rate which is at least equal to the selection opportunity within the relevant grade and competitive category. This goal is important because, to the extent each board achieves it, the Navy benefits by ensuring the talents of minority officers are not overlooked due to the officer's past assignments, precommissioning social background, or possibly biased fitness reports. Prior to adjournment, the boards must review the extent to which the goal of equivalent selection rates has been met.

<u>See</u> Plaintiff's Exhibits 1 and 2.

First: <u>The 1988 CNO Study Group Report on Equal Opportunity in the Navy</u>, is not dispositive of the prevailing circumstances relevant to the Selection Boards conducted for Fiscal Year 1997 and Fiscal Year 1998. Furthermore, this report arbitrarily assigns cultural limitations to all minority officers under consideration for promotion. This assertion, even if it were correct, may provide a basis for improved training and mentoring of minority officers but does not establish a compelling governmental interest justifying special promotion consideration for all minority officers. Second: paragraph c. demands special consideration for minority officers due to a **possibility** that minority officer promotion rates were lower

than non-minority promotion rates due to lower grades in fitness reports that **might** have been the result of past discrimination. This assertion is arbitrary and capricious, has no supporting factual basis, and does not establish a compelling governmental interest justifying special promotion consideration for all minority officers. Third: paragraph d. establishes a "goal" of "a minority selection rate which is at least equal to the selection opportunity within the relevant grade and competitive category." This goal is established, allegedly, in order not to overlook the talents of minority officers, however, there is no equivalent goal established to do likewise for non-minority officers or to provide equal opportunity in the selection process and, in fact, demands that more qualified non-minority officers be passed over in order to achieve the mandated "minority selection rate."

10.    Plaintiff's Exhibits 1 and 2 require special considerations for female and minority officers such that "career enhancing" assignments in which they were not placed, or if they were placed in these assignments but did not perform well, should not be considered detrimental to their selection for promotion. Similar consideration is not afforded male or non-minority officers for even more relevant circumstances that are encountered such as: reduction of Commanding Officer billets available due to unit dissolution caused by budget constraints; consolidation of reserve units, causing individual units to be "downsized" then combined, with the resulting unit Commanding Officer billet requiring a higher rank; and, changing from a selection process that placed the "most senior qualified" to a process that placed the "most junior qualified," thus significantly reducing the number of Command opportunities. The special considerations required for female and non-minority officers are granted with no degree of scrutiny and granted merely on the basis of gender or race.

11.    Plaintiff's Exhibits 1 and 2 require selection of the "best qualified" officers

7

and reiterate this requirement in the main document in paragraph 3 twice, then again in paragraphs 4b, 5, and 6. However, in the Supplemental Guidance, this requirement is replaced with special promotion considerations for female and minority officers in view of arbitrary, non-professionally related assertions. This occurs even though other instructions specifically isolate the review to each officer's official military record augmented only by information communicated to the board by individual officers under review as per regulations. The Supplemental Guidance requiring special consideration for female and minority officers is not only contradictory to the repeated requirement for the selection of the "best qualified" officers, and the assertion that "equal opportunity is critical," but lacks any compelling or important governmental interest justifying special treatment and, additionally, is not narrowly tailored but, on the contrary, affords special consideration to all females and all minority officers regardless of their actual performance history.

12. Further, the classifications cited in this Complaint are not based or premised upon any reported findings of widespread institutional discrimination within the U.S. Naval Reserve Officer Corps.

13. Despite the ample opportunities for officers against whom illegal discrimination has occurred to directly and personally remedy the effects of such illegal discrimination, short of a program of wholesale preferences in promotions, Defendant utilizes the cited language requiring preferences in the conduct of Naval Reserve Officer Selection Boards.

14. On 14 August 1997 the results of the Fiscal Year 1998 Command and Senior Officer (O-5/O-6) Non-Command Screening and Detailing Board Results were issued in

R 140800Z AUG 97. A copy of this message, in relevant part, is attached to this Complaint as Plaintiff's Exhibit 3. The Plaintiff was selected for a Captain's billet in this national selection process. When an Officer is selected for promotion to Captain it is then necessary to compete for a Captain's billet. There are more Officers at the rank of Captain than there are Captain's billets available so the process, due to simple probability, is more competitive then the Promotion Selection Boards. Many of the Officers promoted to the rank of Captain will not be selected to a Captain's billet. The Plaintiff was competing in this process because it was not known at the time that applications were submitted that he had failed to select to the rank of Captain for a second time.
See Plaintiff's Exhibit 3.

15.     In composing the membership of the Selection Boards which are at issue in this case, the Defendant utilized informal, unpublished procedures, which established clear classifications on the basis of race and gender. Specifically, the Department of the Navy, responsible for the assembly and selection of Promotion Board members has set quotas for the participation of females and non-Caucasians on Selection Boards, while failing to provide similar treatment to men and Caucasians.

16.     On April 10, 2002, the Plaintiff filed a complaint in the United States District Court for the District of Columbia, civil action number 02-0677 (rmu), in conjunction with a petition to the Board for Correction of Naval Records dated April 8, 2002, requesting special selection board consideration for the Fiscal Year 1997 and Fiscal Year 1998 Naval Reserve Unrestricted Line Captain Selection Boards in order that the statute of limitations for the complaint not be exceeded while an administrative remedy was pursued. The complaint was

9

dismissed without prejudice on November 29, 2002, allowing the Plaintiff to pursue an administrative remedy while not exceeding the statute of limitations.

17. On October 20, 2003, a Board for Correction of Naval Records letter, docket number 03818-02, documented that the Acting Secretary of the Navy granted the Plaintiff consideration by a special selection board for the Fiscal Year 1997 Naval Reserve Unrestricted Line Captain Selection Board. A copy of this letter is attached to this Complaint as Plaintiff's Exhibit 4. An enclosed memorandum, dated September 24, 2003, serial 13/2BC12312.03, explained that there was a possibility that the Plaintiff had been disadvantaged by selection board equal opportunity requirements. Furthermore, the letter proffered the reopening of the Plaintiff's administrative case as it concerned the Plaintiff's previous request for a special selection board for Fiscal Year 1998, in the event of the Plaintiff's failure to select by the granted Fiscal Year 1997 special selection board. See Plaintiff's Exhibit 4.

18. On July 19, 2004, a Navy Personnel Command letter, serial 480/0499, a copy of which is attached to this Complaint as Plaintiff's Exhibit 5, was issued to advise of a failure to select during the Fiscal Year 1997 Reserve Captain Unrestricted Special Promotion Selection Board. The letter was addressed to the Plaintiff but was identified with the social security number of someone else.
See Plaintiff's Exhibit 5.
The Plaintiff responded on July 27, 2004, with a letter to the Board for Correction of Naval Records requesting an accounting for the Special Promotion Selection Board's errors including sufficient information to document to a reasonable degree that the Plaintiff's record was reviewed, and reviewed properly, and that the incorrect social security number

identifying the official record reviewed did not represent gross error in the proceedings and reporting of the Special Promotion Selection Board results. A copy of this letter is attached to this Complaint as Plaintiff's Exhibit 6.

See Plaintiff's Exhibit 6.

In addition, the Plaintiff requested, as per the instructions in the October 20, 2003, Board for Correction of Naval Records letter, that the Plaintiff's case be reopened simultaneously with investigating, and providing a remedy for, the errors that occurred during the proceedings and reporting of the Fiscal Year 1997 Reserve Captain Unrestricted Special Promotion Selection Board.

See Plaintiff's Exhibits 4 and 6.

19. The Plaintiff, on August 18, 2005, subsequent to greater than a year with no response from the Defendant; no accounting for errors in the process and reporting of the Fiscal Year 1997 Reserve Captain Unrestricted Special Promotion Selection Board; and no indication (request for information and documentation, notification or otherwise) that the Plaintiff's case was reopened and an associated special selection board for Fiscal Year 1998 was either planned or conducted while other selection boards continued to be completed, wrote the Board for Correction of Naval Records, a copy of this letter is attached to this Complaint as Plaintiff's Exhibit 7, to solicit assurance that the Fiscal Year 1997 Special Selection Board errors in proceedings and reporting had been investigated and that the Plaintiff's case had been reopened. There has been no response to the Plaintiff's letter. See Plaintiff's Exhibit 7.

20. On October 2005, the Plaintiff received notice by way of voice mail and

electronic mail, that the Defendant had no record of the July 19, 2004, Navy Personnel Command letter, serial 480/0499, that was addressed to the Plaintiff and issued to advise of a failure to select during the Fiscal Year 1997 Reserve Captain Unrestricted Special Promotion Selection Board, but was identified with the social security number of someone else. The Defendant has not only failed to fully act in accordance with a self-prescribed process but is unable to produce the offending document that establishes a degree of recklessness, and lack of credibility, in the Defendant's conduct and reporting of special selection promotion boards.

See Plaintiff's Exhibit 5.

### COUNT ONE

(Fifth Amendment – Equal Protection)

21.  The allegations contained in paragraphs 1 through 20 are incorporated herein by reference.

22.  The Defendant denied Plaintiff his Constitutional right to equal protection by means of equal opportunity instructions requiring the Fiscal Year 1997 and Fiscal Year 1998 Naval Reserve Captain Selection Boards to give special consideration to promoting minorities and women in the absence of any compelling or important governmental interest justifying special consideration and the narrow tailoring of such discriminatory action.

23.  The challenged practice and instructions, both as set forth in writing and as actually interpreted and executed by the Fiscal Year 1997 and Fiscal Year 1998 Selection Boards, denied Plaintiff his equal protection rights guaranteed by the Fifth Amendment to the United States Constitution.

## COUNT TWO

(Fifth Amendment – Due Process)

24. The allegations contained in paragraphs 1 through 23 are incorporated herein by reference.

25. The Defendant denied Plaintiff his Constitutional right to due process by means of equal opportunity instructions requiring the Selection Boards to give special consideration to promoting minorities and women in the absence of any compelling or important governmental interest justifying special consideration and the narrow tailoring of such discriminatory action.

26. The challenged practice and instructions, both as set forth in writing and as actually interpreted and executed by the Fiscal Year 1997 and Fiscal Year 1998 Selection Boards, denied Plaintiff his due process rights guaranteed by the Fifth Amendment to the United States Constitution.

## COUNT THREE

(Correction of Military Records)

27. The allegations contained in paragraphs 1 through 26 are incorporated herein by reference.

28. The Board for Correction of Naval Records (hereinafter "Board") is chartered to make recommendations to the Defendant whenever corrections are necessary to correct an error or remove an injustice. 10 U.S.C. § 1552(a).

29. The Board and the Defendant have consistently upheld special consideration

to promoting minorities and women and have rejected appeals by officers challenging the discriminatory instructions on constitutional grounds. Said decisions were arbitrary and capricious, unsupported by substantial evidence, and otherwise in violation of law and regulation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

1.  That the Court enter judgment for him against the Defendant:

    a.  Declaring that the discriminatory instructions issued by the Defendant to the Plaintiff's Selection Boards violated the Fifth Amendment to the United States Constitution;

    b.  Ordering that the Defendant remove the non-selections by the Fiscal Year 1997 and Fiscal Year 1998 Selection Boards from the Plaintiff's military records;

    c.  Remanding this matter to the Department of the Navy for reconsideration of the Plaintiff for promotion to Captain. Since the Defendant has demonstrated an inability to conduct Selection Boards in a fair, non-discriminatory manner, with the attention to detail necessary to conduct the proccedings without egregious error, the remedial action of conducting another Special Selection Board is without merit. The Defendant shall correct Plaintiff's military records to reflect promotion as if selected by the original Selection Board, paying the future value of back pay and allowances, and crediting retirement points, based on the Plaintiff's average annual drills conducted and active duty participation including, as a minimum, the Captain's billet for which he was selected but removed due to failure to promote. Consideration should be given to the fact that the Plaintiff had never "not selected"

for a pay billet, had intended to complete a thirty year career, and only retired due to his failure to select to the next higher rank removing him from any possibility of future billet competition.

    d.    Permanently enjoining the Secretary of the Navy from introducing any consideration of race or gender into the selection process in the absence of identified and widespread prior institutional discrimination and the fashioning of a narrowly tailored remedy to address any such prior institutional discrimination.

    e.    Awarding to Plaintiff, against Defendant, payment of all his costs and any attorney fees that may accrue during this suit.

Dated: November 15, 2005

Respectfully submitted,

*[signature: Craig C. Scott]*

Craig C. Scott
20829 Spinning Wheel Place
Germantown, Maryland 20874
(301) 903-2192