IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMANDER CRAIG C. SCOTT, USNR (Ret.) ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2218 (RMU) |
| ) | |
| DONALD C. WINTER, ) | |
| SECRETARY OF THE NAVY,[1] ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S FIRST UNOPPOSED MOTION FOR ENLARGEMENT OF TIME**

Defendant Donald C. Winter, Secretary of the Navy (the Secretary), by his undersigned attorneys, hereby moves for the first time without opposition by plaintiff for an enlargement of time of thirty days from January 27, 2006, to February 26, 2006, in which to file defendant's answer or dispositive motion to plaintiff's complaint in this action filed November 15, 2005, and served on the United States Attorney on November 28, 2005. In support thereof, defendant respectfully states as follows

On November 29, 2002, this Court granted defendant's motion to dismiss without prejudice plaintiff's complaint challenging the failure of the Naval Reserve Selection Boards for Fiscal Years 1997 and 1998 to recommend plaintiff for promotion to the higher rank of captain, alleging equal employment and due process discrimination under an impermissible affirmative action program favoring minorities and women. The Court dismissed plaintiff's action, Civil Action. No. 02-0677, pursuant to Fed. R. Civ. P. 12(b))(1) for lack of subject matter jurisdiction for failure to exhaust administrative remedies, because there was pending before the Board for

---

[1]Pursuant to Fed. R. Civ. P. 25(d)(1), Secretary of the Navy Donald C. Winter, who was sworn into office on January 3, 2006, is substituted as defendant in his official capacity for former Secretary of the Navy Gordon R. England, who has resigned from that position.

Correction of Naval Records plaintiff's administrative appeal seeking reconsideration by special selection boards of his failure to be recommended to the Secretary for promotion for Fiscal Years 1997 and 1998.  Scott v. England, 264 F. Supp. 2d 5 (D.D.C. 2002) (Urbina, J.).

Thereafter, on October 20, 2002, plaintiff was informed by the Correction Board that the Secretary had granted plaintiff reconsideration by a special selection board for Fiscal Year 1997, but if he was not selected, he could ask that his case be reopened on his request for a special selection board for Fiscal Year 1998.  On July 19, 2004, plaintiff was informed that he had not been selected for promotion by the special selection board for Fiscal Year 1997.  On July 27, 2004, plaintiff requested, inter alia, that his failure to be selected for promotion for Fiscal Year 1998 be reviewed by a special selection board.  Receiving no response, plaintiff on August 18, 2005, renewed his request, and on November 15, 2005, filed his complaint in this action.  On November 16, 2005, the Correction Board submitted to plaintiff for his comments, which plaintiff submitted December 1, 2005, a report of an Advisory Board recommending, inter alia, that his request for a special selection board for Fiscal Year 1998 be approved.

As reflected in the attached declaration, the Correction Board on January 6, 2006, recommended to the Secretary that a special selection board be convened to consider plaintiff's promotion for Fiscal Year 1998; it is anticipated that the Secretary will issue his determination thereafter on about February 1, 2006.  Pursuant to Fed. R. Civ. P. 12(a)(3)(A) and 12(b), defendant's answer or dispositive motion is presently due to be filed within 60 days after service of plaintiff's complaint on the United States Attorney on November 28, 2005, by January 27, 2006.  Since there is now pending before the Secretary plaintiff's administrative appeal seeking reconsideration by a special selection board of his failure to be recommended by a selection

board for promotion for Fiscal Year 1998, and it is anticipated that the issue whether a Fiscal Year 1998 special selection board will be convened will shortly by resolved by the Secretary on an administrative level, defendant requests a thirty-day enlargement of time to February 26, 2006, to file an answer or dispositive motion, after it is anticipated the Secretary's administrative review will have been completed.

This is the first request filed in this action for an enlargement of time. A grant of this motion will make unnecessary during the enlargement period the filing of any motion and briefing on an issue which it is anticipated will be resolved during the enlargement period. The granting of this motion will not unduly delay the conduct and disposition of the proceedings, and will not change the deadlines provided by the Federal Rules for further proceedings in this case. Pursuant to LCvR 7(m), the undersigned counsel for defendant has conferred by telephone with plaintiff, who appears pro se, and has been advised that plaintiff does not oppose the granting of this motion.

### CONCLUSION

For the foregoing reasons, defendant respectfully moves for an enlargement of time to February 26, 2006, for defendant to file his answer or dispositive motion pursuant to Fed. R. Civ. P. 12(a)(3)(A) and (b).

A proposed Order is attached to this motion.

    Respectfully submitted,

    PETER D. KEISLER
    Assistant Attorney General

    KENNETH L. WAINSTEIN
    United States Attorney

          VINCENT M. GARVEY
          Deputy Branch Director
          D.C. Bar No. 127191

OF COUNSEL:          /s/ Herbert E. Forrest
          HERBERT E. FORREST
LCDR THOMAS F. LEARY          Trial Attorney
General Litigation Division          D.C. Bar No. 4432
Office of Judge Advocate General          Federal Programs Branch
Suite 3000, 1322 Patterson Avenue, S.E.          Civil Division – Room 7112
Washington Navy Yard, D.C.          U.S. Department of Justice
    20374-5066          20 Massachusetts Avenue, N.W.
          Washington, D.C. 20530
          Telephone: (202) 514-2809
          Facsimile: (202) 616-8470
          herbert.forrest@usdoj.com

          Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMANDER CRAIG C. SCOTT, USNR (Ret.) )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>DONALD C. WINTER, )<br>SECRETARY OF THE NAVY, )<br>)<br>Defendant. )<br>_____) | Case No. 05-02218 (RMU) |

**DECLARATION OF HENRY DERAMOUS IN SUPPORT OF DEFENDANT'S
FIRST UNOPPOSED MOTION FOR ENLARGEMENT OF TIME**

Pursuant to 28 U.S.C. § 1746, I, Henry Deramous, declare as follows:

1. I am employed as a military personnel management specialist with the Board for Correction of Naval Records ("the BCNR"). I have been employed with the BCNR since 1996.

2. My duties and responsibilities include reviewing petitions for records correction that are assigned to me, and preparing those petitions for consideration and decision by the BCNR. I was the assigned examiner for the petition that Commander ("CDR") Craig C. Scott, USNR (Ret.), submitted to the BCNR on April 18, 2002. In that petition, assigned BCNR docket number 03818-02, CDR Scott asserted that he was denied his Constitutional rights to equal protection and due process where the FY-97 and FY-98 Naval Reserve Captain (Line) promotion boards were directed to give special consideration to female and minority officers. After consideration, the Acting Secretary of the Navy granted CDR Scott's request for consideration by a Special Selection Board for the FY-97 promotion cycle. The BCNR then administratively

1

closed CDR Scott's case, and notified him of this closure by letter dated October 20, 2003.

    3. I am the assigned examiner for the petition that CDR Scott submitted to the BCNR on August 18, 2005. In that petition, assigned BCNR docket number 07145-05, CDR Scott requested his case be reopened, and that he be granted a Special Selection Board for the FY-98 promotion cycle. The BCNR administratively reopened CDR Scott's case on August 26, 2005. This petition was presented to the BCNR on January 6, 2006. After review, the BCNR recommended that the Secretary of the Navy convene a Special Selection Board to consider CDR Scott's promotion for Fiscal Year 1998. Based on my experience in handling cases like this one, I estimate that the Secretary will issue his determination within approximately two to three weeks of receipt of the BCNR's recommendation, by on or about February 1, 2006.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

    Executed in Arlington, Virginia, this 9th day of January, 2006.

                                              /s/ Henry Deramous
                                              _____
                                              Henry Deramous

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMANDER CRAIG C. SCOTT, USNR (Ret.)   )<br>                                                                          )<br>            Plaintiff,                                     )<br>                                                                          )<br>    v.                                                                )  Civil Action No. 05-2218 (RMU)<br>DONALD C. WINTER,                                 )<br>SECRETARY OF THE NAVY,[1,2]                )<br>                                                                          )<br>            Defendant.                                   ) | |

### ORDER

UPON CONSIDERATION of defendant's first unopposed motion for enlargement of time, and of counsel for defendant's representation that he has been advised by a telephone conference with plaintiff that plaintiff does not oppose the granting of this motion, it is by the Court, this _____ day of _____, 2006,

ORDERED, That defendant's motion be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED, That the time for defendant to respond to the complaint in this action by answer or by dispositive motion be, and the same hereby is, ENLARGED, to February 26, 2006.

_____
RICARDO M. URBINA
United States District Judge

---

[1]Pursuant to Fed. R. Civ. P. 25(d)(1), Secretary of the Navy Donald C. Winter, who was sworn into office on January 3, 2006, is substituted as defendant in his official capacity for former Secretary of the Navy Gordon R. England, who has resigned from that position..