IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| COMMANDER CRAIG C. SCOTT, USNR (Ret.), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-2218 (RMU) |
| | ) | |
| DONALD C. WINTER, | ) | |
| SECRETARY OF THE NAVY,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(1) and b(6), defendant Donald C. Winter, Secretary of

the Navy (the Secretary), by his undersigned attorneys, hereby moves to dismiss this action.

1. Plaintiff has failed to exhaust his administrative remedies required by statute before

jurisdiction may attach relating to his Fiscal Year 1998 claim. The specific statutory provisions

of 10 U.S.C. § 14502(g) (1)(A) with respect to reserve officers expressly deny jurisdiction to any

court of the United States over any claim based in any way on the failure of an officer or former

officer of the armed forces to be selected for promotion by a Selection Board (SB) until the claim

has been reviewed by a Special Selection Board (SSB) convened by the Secretary and acted upon

by that Board. A SSB has been ordered by the Secretary on January 26, 2006, to be convened, in

response to plaintiff's request, to reconsider plaintiff's failure to be recommended for promotion

to Captain by a SB for Fiscal Year 1998, but has not yet acted upon the matter.

Plaintiff's pending complaint, alleging equal employment and due process discrimination

under an impermissible affirmative action program favoring minorities and women, is virtually

---

[1]Pursuant to Fed. R. Civ. P. 25(d)(1), Secretary of the Navy Donald C. Winter, who was
sworn into office on January 3, 2006, is substituted as defendant in his official capacity for
former Secretary of the Navy Gordon R. England, who has resigned from that position.

identical to the amended complaint in an earlier action, except for the allegations of ¶¶ 16-20

reciting events since the amended complaint, filed by the same plaintiff against the Secretary of

the Navy in <u>Scott v. England</u>, Civil Action No. 02-677 (D.D.C.). That action was dismissed

without prejudice by this same Court, with plaintiff's concurrence, for plaintiff's conceded

failure to exhaust administrative remedies because there was then pending before the Board for

Correction of Naval Records plaintiff's petition to convene SSBs to reconsider his failures to be

recommended for promotion for Fiscal Years 1997 and 1998.[2] <u>Scott v. England</u>, 264 F. Supp. 2d

5, 9 (D.D.C. 2002) (Urbina, J.). This action is thus in the same posture as the antecedent case of

plaintiff's failure to exhaust his administrative remedies regarding Fiscal Year 1998 while his

failure to be promoted is being reconsidered, and is thus subject to the same disposition.

2. Absent final agency action under 5 U.S.C. § 704 of the Administrative Procedure Act

(APA) by the SSB for Fiscal Year 1998, the United States has not waived sovereign immunity

for  judicial review under 5 U.S.C. § 702 of the Act for his claim relating to Fiscal Year 1998.

Jurisdiction for both Fiscal Years 1998 and 1998 is not conferred on the Court under the Civil

Rights Act, 42 U.S.C. § 703 (<u>i.e.</u>, § 2000e-2), mandamus, 28 U.S.C. § 1361, declaratory

judgment, 28 U.S.C. § 2201, the jurisdictional provisions of 10 U.S.C. § 13502(h)(2), or the

federal question provision of 28 U.S.C. § 1331.

3. Plaintiff's prayer seeking to require the Secretary to pay "the future value of back pay

and allowances, and crediting retirement points," and other financial benefits coincident with his

requested retroactive promotion from Commander to Captain for Fiscal Years 1997 and 1998,

---

[2]Subsequently, a SSB was convened which declined to recommend plaintiff for
promotion for Fiscal Year 1997. A SSB has now been ordered to be convened to review
plaintiff's request for reconsideration for promotion for Fiscal Year 1998.

Complaint, Prayer for Relief at ¶ 1(c), constitutes a claim for monetary relief in excess of $10,000 subject under the Tucker Act to the exclusive jurisdiction of the United States Court of Federal Claims.

4. The Court cannot substitute its judgment and discretion for that of the Navy in the conduct and administration of the military establishment to promote plaintiff to Captain.

5. Plaintiff's constitutional claim fails to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, and those set forth in defendant's memorandum of points and authorities in support of this motion, the Court should grant defendant's motion to dismiss.

A proposed Order is attached to this motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

VINCENT M. GARVEY
Deputy Branch Director
D.C. Bar No. 127191

3

OF COUNSEL:

LCDR THOMAS F. LEARY
General Litigation Division
Office of Judge Advocate General
Suite 3000, 1322 Patterson Avenue, S.E.
Washington Navy Yard, D.C.
     20374-5066

/s/ Herbert E. Forrest
HERBERT E. FORREST
Trial Attorney
D.C. Bar No. 4432
Federal Programs Branch
Civil Division – Room 7112
U.S. Department of Justice
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 514-2809
Facsimile: (202) 616-8470
herbert.forrest@usdoj.com

Attorneys for Defendant

February 24, 2006

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMANDER CRAIG C. SCOTT, USNR (Ret.) ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2218 (RMU) |
| DONALD C. WINTER, ) | |
| SECRETARY OF THE NAVY,[1] ) | |
| ) | |
| Defendant. ) | |

## ORDER

UPON CONSIDERATION of defendant's motion to dismiss, defendant's memorandum

of points and authorities in support of the motion, responses thereto, other materials on file in

this action, and the record in this case, and the Court being fully advised in the premises, it is by

the Court, this _____ day of _____, 2006,

ORDERED, That defendant's motion be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED, That this action be, and the same hereby is, dismissed.

_____
RICARDO M. URBINA
United States District Judge

---

[1]Pursuant to Fed. R. Civ. P. 25(d)(1), Secretary of the Navy Donald C. Winter, who was
sworn into office on January 3, 2006,  is substituted as defendant in his official capacity for
former Secretary of the Navy Gordon R. England, who has resigned from that position.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COMMANDER CRAIG C. SCOTT, USNR (Ret.), )
)
        Plaintiff, )
)
    v. )       Civil Action No. 05-2218 (RMU)
)
DONALD C. WINTER, )
SECRETARY OF THE NAVY, )
)
        Defendant. )

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

PETER D. KEISLER
Assistant Attorney General
KENNETH L. WAINSTEIN
United States Attorney
VINCENT M. GARVEY
Deputy Branch Director
D.C. Bar No. 127191

OF COUNSEL:    HERBERT E. FORREST
LCDR THOMAS F. LEARY    Trial Attorney, DC Bar No. 4432
General Litigation Division    Federal Programs Branch
Office of Judge Advocate General    Civil Division – Room 7112
Suite 3000, 1322 Patterson Avenue, S.E.    U.S. Department of Justice
Washington Navy Yard, D.C.    20 Massachusetts Avenue, N.W.
    20374-5066    Washington, D.C. 20530
    Telephone: (202) 514-2809
    Facsimile: (202) 616-8470
    herbert.forrest@usdoj.com

    Attorneys for Defendant

February 24, 2006

# TABLES OF CONTENTS

**PAGE(S)**

TABLES OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS . . . . . . . . . . . . . . . . . . . . . . . . . 1

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STANDARD FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

I.      THE COURT LACKS JURISDICTION OVER
        PLAINTIFF'S FISCAL 1998 YEAR CLAIM
        BECAUSE PLAINTIFF HAS NOT EXHAUSTED
        HIS STATUTORY ADMINISTRATIVE REMEDIES . . . . . . . . . . . . . . . . . . . . 7

        A.      The Statute Requires Exhaustion of Administrative
                Remedies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        B.      Because of the Pendency of Administrative Review,
                the Court Lacks Jurisdiction Under the Statute Over
                Plaintiff's Fiscal Year 1998 Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        C.      The Decisions of the District Court in Juffer v.
                Caldera and Scott v. England Are Directly in
                Point and Should Be Followed by This Court . . . . . . . . . . . . . . . . . . . 10

II.     IN THE ABSENCE OF FINAL AGENCY ACTION,
        SOVEREIGN IMMUNITY HAS NOT BEEN WAIVED
        AND THE COURT LACKS JURISDICTION OVER
        PLAINTIFF'S FISCAL YEAR 1998 CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . 15

III.    BECAUSE PLAINTIFF SEEKS MONETARY RELIEF
        IN EXCESS OF $10,000, THIS ACTION IS SUBJECT
        TO THE EXCLUSIVE JURISDICTION OF THE
        COURT OF FEDERAL CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

-i-

IV.    THE COURT DOES NOT HAVE JURISDICTION
       TO ORDER PLAINTIFF'S PROMOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

V.     PLAINTIFF'S CONSTITUTIONAL CLAIM FAILS
       TO STATE A CLAIM UPON WHICH RELIEF
       CAN BE GRANTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

## TABLE OF AUTHORITIES

## CASES                                                              PAGE(S)

Benvenuti v. Dep't of Defense,
    587 F. Supp. 348 (D.D.C. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Bethlehem Steel Corp. v. EPA,
    669 F.2d 903 (3d Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Beverly Enterprises, Inc. v. Herman,
    50 F. Supp. 2d 7 (D.D.C. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Bittner v. Sec'y of Defense,
    625 F. Supp. 1022 (D.D.C. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Blevins v. Orr,
    721 F.2d 1419 (D.C. Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Bliss v. England,
    208 F. Supp. 2d 2 (D.D.C. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 20, 21

Bois v. Marsh,
    801 F.2d 462 (D.C. Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health and Human Resources,
    532 U.S. 598 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Capitol Leasing Co. v. FDIC,
    999 F.2d 188 (7th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Champagne v. Schlesinger,
    506 F.2d 979 (7th Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Chappell v. Wallace,
    462 U.S. 296 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Coit Independence Joint Venture v. FSLIC,
    489 U.S. 561 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 12

Collins v. Sec'y of Navy,
    814 F. Supp. 130 (D.D.C. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Corp. v. Diamond,
    884 F.2d 1 (1st Cir. 1989) ................................................. 18, 19

DRG Funding Corp. v. Sec'y of HUD,
    76 F.3d 1212 (D.C. Cir. 1996) ............................................. 17

DSE, Inc. v. United States,
    169 F.3d 21 (D.C. Cir. 1999) .............................................. 10

Darby v. Cisneros,
    509 U.S. 137 (1993) ....................................................... 9

Dep't of Navy v. Egan,
    484 U.S. 518 (1988) ....................................................... 22

Deuser v. Vecera,
    139 F.3d 1190 (8th Cir. 1998) ............................................. 7

District of Columbia Retirement Bd. v. United States,
    657 F. Supp. 428 (D.D.C. 1987) ........................................... 6

Dorsey v. United States Dep't of Labor,
    41 F.3d 1551 (D.C. Cir. 1994) ............................................. 15

EEOC v. Lutheran Social Services,
    186 F.3d 959 (D.C. Cir. 1999) ............................................. 10

FDIC v. Scott,
125 F.3d 254 (5th Cir. 1997) ............................................. 10, 13

FTC v. Standard Oil Co. of California,
    449 U.S. 232 (1980) ...................................................... 16

Galvan v. Federal Prison Industries, Inc.,
    199 F.3d 461 (D.C. Cir. 1999) ............................................ 15

Gavin v. United States,
    47 Fed. Cl. 486 (2000) ................................................... 22

Gilligan v. Morgan,
    413 U.S. 1 (1973) ....................................................... 23

Goldman v. Weinberger,
    475 U.S. 503 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  22

Guerra v. Scruggs,
    942 F.2d 270 (4th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  24

Hawaii v. Gordon,
    373 U.S. 57 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

Herbert v. National Academy of Sciences,
    974 F.2d 192 (D.C., Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

Hindes v. FDIC,
    137 F.3d 148 (3d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

Independent Petroleum Ass'n of America v. Babbitt,
    971 F. Supp. 19 (D.D.C. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

Juffer v. Caldera,
    138 F. Supp.2d 22 (D.D.C. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Kay v. Ehrler,
    499 U.S. 432 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  23

Kidwell v. Dep't of Army,
    56 F.3d 279 (D.C. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19, 20, 21

Kokkonen v. Guardian Life Ins. Co. of America,
    511 U.S. 375 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

Kooritzky v. Herman,
    178 F.3d 1315 (D.C. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  23

Kreis v. Sec'y of Air Force,
    866 F.2d 1508 (D.C. Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  21

Lane v. Pena,
    518 U.S. 187 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

Mansfield, C & L.M. Ry. Co. v. Swan,
    111 U.S. 379 (1884) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5, 14

Marsh v. Johnson,
        CA No. 00-2150 (D.D.C. Aug. 29, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6, 23, 24

Myers v. Bethlehem Shipbuilding Corp.,
        303 U.S. 41 (1938) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Northwestern Indiana Telephone Co. v. FCC,
        824 F.2d 1205 (D.C. Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Orloff v.Willoughby,
        345 U.S. 83 (1953) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Porter v. United States,
        163 F.3d 1304 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Public Citizen v. Kantor,
        864 F. Supp. 208 (D.D.C. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Public Citizen v. Office of U.S. Trade Representatives,
        970 F.2d 916 (D.C. Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Randall v. United States,
        95 F.3d 339 (4th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Rich v. Sec'y of Army,
        735 F.2d 1220 (10th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Rostker v. Goldberg,
        453 U.S. 57 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Scott v. England,
        264 F. Supp. 2d 5 (D.D.C. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Skelly Oil Co. v. Phillips Petroleum Co.,
        339 U.S. 667 (1950) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

St. Regis Paper Co. v. Marshall,
        591 F.2d 612 (10th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Stanford v. United States,
        413 F.2d 1048 (5th Cir. 1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Steel Co. v. Citizens for a Better Environment,
    523 U.S. 83 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 14

Swan v. Clinton,
    100 F.3d 973 (D.C. Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 18, 19

Ticor Title Insurance Co. v. FTC,
    814 F.2d 731 (D.C. Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Trafalgar Capital Associates, Inc. v. Cuomo,
    159 F.3d 21 (1st Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

United States v. Dalm,
    494 U.S. 596 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

United States v. Mitchell,
    445 U.S. 535 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

United States v. Shearer,
    473 U.S. 52 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

United States v. Sherwood,
    312 U.S. 584 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

United States v. Testan,
    424 U.S. 392 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Voluntary Purchasing Groups, Inc. v. Reilly,
    889 F.2d 1380 (5th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Washington Legal Foundation v. United States Sentencing Comm'n,
    89 F.3d 897 (D.C. Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Young v. Reno,
    114 F.3d 879 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**STATUTES**

5 U.S.C. § 701 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

5 U.S.C. § 702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

5 U.S.C. § 704 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

10 U.S.C. §§ 611, et seq . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

10 U.S.C., § 828(h)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

10 U.S.C. § 1552(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

10 U.S.C. §§ 14001, et seq . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

10 U.S.C. § 14002 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

10 U.S.C. §§ 14101(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

10 U.S.C. § 14108(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

10 U.S.C. § 14502 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

10 U.S.C. § 14502(g)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

10 U.S.C. § 14502(h)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

22 U.S.C. § 2201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 19

28 U.S.C. §§ 1346(A)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 21

28 U.S.C. § 1361 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 18

28 U.S.C. § 2201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 2412(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

42 U.S.C. § 2000e-2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

42 U.S.C. § 2000e-16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. P. 12(b)(1), (b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

Fed. R. Civ. P. 25(d)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMANDER CRAIG C. SCOTT, USNR (Ret.), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2218 (RMU) |
| ) | |
| DONALD C. WINTER, ) | |
| SECRETARY OF THE NAVY,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) and LCvR 7(a), defendant Donald C.

Winter, Secretary of the Navy (the Secretary), by his undersigned attorneys, hereby submits his

memorandum of points and authorities in support of his motion to dismiss this action.

## INTRODUCTION

Remarkably, plaintiff has filed a complaint in this action which is virtually identical

except for a recital of subsequent events to an amended complaint filed by the same plaintiff

against the Secretary of the Navy before this Court in Scott v. England, Civil Action No. 02-677

(D.D.C.) (Urbina, J.)  This Court ruled that the earlier action must be dismissed for plaintiff's

failure to exhaust his statutorily required administrative remedies because there was pending

before the Board for Correction of Naval Records (BCNR or Navy Correction Board) a petition

by plaintiff for reconsideration by Special Selection Boards (SSBs) of his failure to be

---

[1]Pursuant to Fed. R. Civ. P. 25(d)(1), Secretary of the Navy Donald C. Winter, who was
sworn into office on January 3, 2006,  is substituted as defendant in his official capacity for
former Secretary of the Navy Gordon R. England, who has resigned from that position.

recommended for promotion by the Naval Reserve Selection Boards (SBs) for Fiscal Years 1997 and 1998. Scott v. England, 264 F. Supp. 2d 5, 9 (D.D.C. 2002) (Urbina, J.).

The decisionally operative circumstances in Fiscal Year 1998 are identical in this case to the initial Scott v. England action, that plaintiff has failed to exhaust his administrative remedies because a SSB has not acted on his request for reconsideration of his failure to be promoted. For this, and the other reasons set forth below, this action should be dismissed as well.

## BACKGROUND

Plaintiff is a retired Naval Reserve Commander who, at the time of his retirement was a commissioned officer in the United States Naval Reserve. Complaint (Compl.) at ¶¶ 3, 4. Prior to his voluntary retirement, plaintiff was considered for promotion to the rank of Captain by the Fiscal Year 1997 and Fiscal Year 1998 Naval Reserve Captain (Line) Selection Boards (SBs) but was not selected for promotion. Id. at ¶ 4. Plaintiff had been selected through the Fiscal Year 1998 Command and Senior Officer (O-5/O-6) Non-Command Screening Board for a Captain's billet, but was removed from the Captain's billet for which he was selected because of his failure to be promoted. Id.

Plaintiff had been advised by the Navy Correction Board on October 20, 2003, that if not selected by the SSB for Fiscal Year 1997, he might ask that his case be reopened to request a SSB for Fiscal Year 1998. Compl. Pl. Ex. 4. After plaintiff was advised on July 19, 2004, that he had not been selected for promotion for Fiscal Year 1997, Compl. Pl. Ex. 5, plaintiff did request on July 27, 2004, and August 18, 2005, that he be reconsidered for promotion by a SSB for Fiscal Year 1998. Compl. Pl. Ex. 6, 7. One day after his complaint was filed in this action on November 15, 2005, plaintiff was advised by the Navy Correction Board on November 16,

2

2005, that its Performance Section had recommended that his request for a SSB for Fiscal Year 1998 be approved. Defendant Exhibit (Def. Ex.) A attached hereto.

Plaintiff responded that the advisory opinion confirmed that his request for a SSB for Fiscal Year 1998 was legitimate and was requested pursuant to Board instructions. Plaintiff further averred that "[a]ny promotion selection board, special or otherwise, must not only be free of dispositive clerical or substantive error, a condition [plaintiff alleged] that is not clearly achieved by the process and reporting of the FY-97 Reserve Captain Unrestricted Special Promotion Selection Board, but must afford all service members competing for promotion an equal opportunity." Def. Ex. B attached hereto.

The precept or guidance considered by the Fiscal Year 1997 SSB conducted in 2004 did not contain any precept requiring special consideration for minority and female applicants. See Precept Convening FY-97 Naval Reserve Special Promotion Board, Def. Ex. C attached hereto. Further, as this Court pointed out in Marsh v. Johnson, No. 00-2150 at 20 (D.D.C. August 29, 2003) (Urbina, J.), the Navy in 1999 voluntarily replaced the disputed precepts earlier employed by SBs with race and gender-neutral alternatives. In addition, an investigation by the Navy Personnel Command office revealed, contrary to plaintiff's assertion of gross errors in the conduct of the Fiscal Year 1997 SSB, that his record correctly appeared before that Board, and that it was verified that his social security number at all times was correct except for one letter notifying him of his failure to be selected. Def. Ex. A and D attached hereto.

On January 26, 2006, the Secretary of the Navy approved "[c]onsideration by an SSB, conducted with a precept that does not include guidance regarding women or minorities, for the

3

FY 98 Reserve Line Captain Selection Board," in accordance with the recommendation of the

Navy Correction Board and the Assistant Secretary of the Navy for Manpower and Reserve

Affairs, who also concluded on a review of the evidence that plaintiff's failure of selection by the

SSB for Fiscal Year 1997 was conducted properly and was not shown to be defective and should

stand. Def. Ex. D. Pursuant thereto, a SSB for Fiscal Year 1998 is being convened but has not

yet acted.

 Plaintiff alleges that he was denied promotion because of a series of allegedly

discriminatory equal opportunity instructions that required the SBs to give special consideration

to promoting minorities and women. Id. at ¶¶ 6-15, Pl. Ex. 1 and 2. Plaintiff alleges that he has

been denied his Constitutional rights under the Fifth Amendment to equal protection (Count

One) and due process of law (Count Two) through the equal opportunity instructions, requiring

the SBs to give such special consideration to minorities and women in the absence of any

compelling government interest justifying special consideration and the narrow tailoring of such

allegedly discriminatory action. Id. at ¶¶ 21-26. He also alleges (Count Three) that other

decisions of the Navy Correction Board and the Secretary were arbitrary, capricious, unsupported

by substantial evidence, and otherwise in violation of law, by consistently upholding special

consideration to promoting minorities and women and rejecting appeals challenging the allegedly

discriminatory instructions on constitutional grounds. Id. at ¶¶ 27-29. Cf. Scott v. England,

264 F. Supp. 2d at 6.

 Plaintiff invokes the jurisdiction of the Court under the Administrative Procedure Act

(APA), 5 U.S.C. § 701, the Civil Rights Act, 42 U.S.C. § 703 (i.e., 42 U.S.C. § 2000e-2),

mandamus, 28 U.S.C. § 1361, declaratory judgment, 28 U.S.C. § 2201, 10 U.S.C. § 14502(h)(2),

4

and as a federal question, 28 U.S.C. § 1331. Compl. at ¶ 1. Plaintiff seeks as relief a judgment in his favor declaring the allegedly discriminatory instructions to the SBs to be in violation of the Fifth Amendment; remanding the matter to the Department of the Navy for reconsideration of his promotion, without the remedial action of conducting another Special SSB; for the Secretary to correct his military records to reflect promotion as if selected by the original SB, paying the future value of back pay and allowances and retirement credit; permanently enjoining the Secretary from introducing any consideration of race and gender in the selection process in the absence of identified and widespread prior institutional discrimination and the fashioning of a narrowly tailored remedy to address such prior institutional discrimination; and granting costs and attorney fees. Compl., Prayer for Relief, at ¶ 1 a-e.

As demonstrated herein, this action should be dismissed because this Court lacks jurisdiction to grant any of the relief plaintiff seeks and for failure to state a claim upon which relief can be granted.

## STANDARD FOR REVIEW

It is well settled that a jurisdictional issue must be resolved as a threshold matter in favor of the non-moving party before the court may proceed to the merits. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 88-89. 93-103 (1998). Without jurisdiction, the court cannot proceed at all to the merits in any cause, but can only note the jurisdictional defect and dismiss the suit, id. at 94-95, quoting Ex parte McCardle, 7 Wall. (74 U.S.) 506, 514 (1869) ("when [jurisdiction] ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case"), and Mansfield, C & L.M. Ry. Co. v. Swan, 111 U.S. 379, 382 (1884) ("the requirement that jurisdiction be established as a threshold matter springs from the

5

nature and limits of judicial power of the United States" and "is inflexible and without exception"). See Scott v. England, 264 F. Supp. 2d at 8.

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." Marsh v. Johnson, CA No. 00-2150, at 10 (D.D.C. Aug. 29, 2003) (Urbina, J.), citing Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). On a motion under Rule 12(b)(1), plaintiff bears the burden of establishing that the court has subject matter jurisdiction. Scott v. England, 264 F. Supp. 2d at 7, citing District of Columbia Retirement Bd. v. United States, 657 F. Supp. 428, 431 (D.D.C. 1987) (Hogan, J.). This Court further stated: "In evaluating whether subject-matter jurisdiction exists, the court must accept all of the complaint's well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. . . . The court need not, however, accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." 264 F. Supp. 2d at 7 (citations omitted). "Moreover, the court need not limit itself to the allegations of the complaint. . . . Rather, the court may consider such materials outside the pleadings as it deems appropriate to determine whether it has jurisdiction over the case." Id. (citations omitted). See also Herbert v. National Academy of Sciences, 974 F.2d 192, 197 (D.C., Cir. 1992) ("the court may consider supplemental facts where appropriate going to jurisdiction"). A motion for lack of jurisdiction over the subject matter under Rule 12(b)(1), unlike Rules 12(b) and (c), is not treated as one for summary judgment if matters outside the pleadings are presented and not excluded by the court. Capitol Leasing Co. v. FDIC, 999 F.2d 188, 191 (7th Cir. 1993). "The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter

6

jurisdiction exists." Id.   "The court's election to go beyond the allegations in the complaint "does not convert the 12(b)(1) motion to dismiss into a motion for summary judgment." Deuser v. Vecera, 139 F.3d 1190, 1191 n.3 (8th Cir. 1998).  See Scott v. England, 264 F. Supp. 2d at 7.

## ARGUMENT

### I.  THE COURT LACKS JURISDICTION OVER PLAINTIFF'S FISCAL 1998 YEAR CLAIM BECAUSE PLAINTIFF HAS NOT EXHAUSTED HIS STATUTORY ADMINISTRATIVE REMEDIES

#### A.  The Statute Requires Exhaustion of Administrative Remedies

Procedures for the promotion and retention of officers on the reserve active-duty list, the classification held by plaintiff before his retirement, are governed by 10 U.S.C. §§ 14001, et seq. (for officers on the active duty list, the relevant provisions are 10 U.S.C. §§ 611, et seq.).  While serving on active duty, a reserve officer is considered for promotion to the next higher grade by a Reserve Component SB composed of higher grade officers, 10 U.S.C. §§ 14101(b), convened under the provisions of 10 U.S.C. § 14101(A), to recommend for promotion to the next higher grade within each competitive category those candidates considered "best qualified for promotion . . . giv[ing] due consideration to the needs of the armed force concerned for officers with particular skills," to the Secretary, and ultimately to the President, 10 U.S.C. § 14108(a).  A Naval officer who has been considered but not selected by a Promotion SB may challenge his non-selection for promotion under 10 U.S.C. § 14502, by petitioning the Secretary, through the Navy Correction Board, 10 U.S.C. § 1552, and asserting that the non-selection constituted an error or injustice, 10 U.S.C. § 1552(a).  Acting on the recommendation of the Navy Correction Board, the Secretary may reject the claim outright without referral to a SSB, 10 U.S.C.

7

§ 14502(g)(1)(B), or the Secretary may convene a SSB to reconsider whether to recommend the promotion of the officer, 10 U.S.C. § 14502(g)(1)(A).

When convened, the SSB compares the officer's record with a sampling of the records of officers of the same grade and competitive category who had been recommended and officers who had not been recommended for promotion by the initial SB, and then recommends to the Secretary whether the officer should be promoted. 10 U.S.C. §§ 14502 (b)(3). An officer who is promoted to the next higher grade as the result of the recommendation of the SSB shall on promotion have the same date of rank, the same effective date for the pay and allowances of that grade, and the same position on the reserve active-duty list as the officer would have had if the officer had been recommended for promotion to that grade by the SB which should have considered or did consider the officer. 10 U.S.C. § 14502(e)(2).

A federal court may thereafter review the Secretary's determination not to convene a SSB to determine if the decision was arbitrary or capricious, not based on substantial evidence, a result of material error of fact or material administrative error, or otherwise contrary to law, and if the court so finds, it will remand the case to the Secretary for consideration by a SSB. 10 U.S.C. § 14502(h)(1). A federal court may also review an action of the SSB which has considered an officer or former officer to determine if its action was contrary to law or involved material error of fact or material administrative error, and if the court so finds, it shall remand the case to the Secretary for reconsideration by a new SSB. 10 U.S.C. § 14502(h)(2).

However, by express statutory provision, a federal court is denied jurisdiction to review promotion decisions while the officer's non-selection is being reconsidered by a SSB on administrative review, 10 U.S.C. § 14502(g):

8

(g) **Limitation of other jurisdiction.** – No official or court of the United States shall have power or jurisdiction –

(1) over any claim based in any way on the failure of an officer or former officer of the armed forces to be selected for promotion by a promotion board . . . until --

> (A) the claim has been referred to a special selection board by the Secretary concerned and acted upon by that board; or
>
> (B) the claim has been rejected by the Secretary without consideration by a special selection board; or

(2) to grant any relief on such a claim unless the officer or former officer has been selected for promotion by a special selection board convened under this section to consider the officer's claim.

The statute thus explicitly requires that administrative remedies be exhausted before the Court may have jurisdiction over "any claim, based in any way on the failure of an officer or former officer of the armed services to be selected for promotion by a selection board," id., involving the promotion and retention of officers on the reserve active-duty list, 10 U.S.C. § 14002.

## B. Because of the Pendency of Administrative Review, the Court Lacks Jurisdiction Under the Statute Over Plaintiff's Fiscal Year 1998 Claim

By the express terms of the statute, therefore, Congress has provided that a court of the United States shall not consider a claim for a failure to be selected for promotion "unless . . . acted upon by [the special selection] board," 10 U.S.C., § 828(h)(1). See Scott v. England, 264 F. Supp. 2d at 8. It is a "long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted" (footnote omitted). Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51 (1938). "Whether courts are free to impose an exhaustion requirement as a matter of judicial discretion depends, at least in part, on whether Congress has provided otherwise[.]" Darby v.

9

Cisneros, 509 U.S. 137, 144 (1993).  Supreme Court cases "have recognized that exhaustion of administrative remedies is required where Congress imposes an exhaustion requirement by statute." Coit Independence Joint Venture v. FSLIC, 489 U.S. 561, 579 (1989).  Under the APA, a party cannot seek judicial review from a final agency action without pursuing an intra-agency appeal if required to do so by statute or regulation. DSE, Inc. v. United States, 169 F.3d 21, 26 (D.C. Cir. 1999).  "If Congress itself imposes an exhaustion requirement, courts must enforce its express terms. . . .  In such cases, failure by a claimant to exhaust deprives federal courts of jurisdiction." FDIC v. Scott, 125 F.3d 254, 257 (5th Cir. 1997).  See also EEOC v. Lutheran Social Services, 186 F.3d 959, 963 (D.C. Cir. 1999); Trafalgar Capital Associates, Inc. v. Cuomo, 159 F.3d 21, 26 (1st Cir. 1998); Young v. Reno, 114 F.3d 879, 881 (9th Cir. 1997).

In this case, plaintiff's selection for promotion to Captain is currently pending in the administrative process and no decision has been made by the SSB for Fiscal Year 1998. Plaintiff's administrative remedies therefore have not been exhausted, and the Court lacks jurisdiction as to this claim that he be considered for promotion.

### C. The Decisions of the District Court in Juffer v. Caldera and Scott v. England Are Directly in Point and Should Be Followed by This Court

This Court observed in Scott v. England, 264 F. Supp. 2d at 8-9, that in directly comparable circumstances, the district court in Juffer v. Caldera, 138 F. Supp.2d 22 (D.D.C. 2001) (Lamberth, J.), granted defendant's motion to dismiss for lack of jurisdiction under the same statute governing the failure of selection for promotion of reserve officers on the active-duty list, 10 U.S.C.§ 14502(g).

10

In that case, the district court dismissed an action against the Secretary of the Army that alleged a denial of promotion because of the Army's alleged policies of staffing its promotion boards with women and minorities and giving impermissible affirmative action favorable consideration to women and minority promotion applicants. The Court found that plaintiff had not exhausted his administrative remedies, because his petition for administrative review of a request to convene SSBs was pending before the Army Board for Correction of Military Records (ABCMR or Army Correction Board). Similarly, in this case plaintiff has failed to exhaust statutory administrative remedies even though administrative review has been granted and a SSB has been convened to reconsider his failure to be selected for promotion to Captain in Fiscal Year 1998 but the SSB has not yet acted.

The court found in <u>Juffer</u> that plaintiff had not exhausted his administrative remedies, and the court therefore did not have jurisdiction. <u>Id.</u> The court observed that "Congress has specifically addressed whether a federal district court has jurisdiction to hear non-promotion claims by military officers." <u>Id.</u> at 24. Quoting the statutory mandate of 10 U.S.C. § 14502(g), the court held:

> There is very little that can be added to clarify a legislative pronouncement already this clear. Indeed, the Supreme Court has recognized that "when Congress imposes an exhaustion requirement by statute," a district court is not free to divine its own exhaustion requirements. <u>Coit Independence Joint Venture v. FSLIC</u>, 489 U.S. 561, 587, 109 S. Ct. 1361, 103 L.Ed. 602 (1989).

<u>Id.</u> Addressing plaintiff Juffer's claim, the court declared:

> Viewing this case against Congress' clear statement on the issue, the Court finds that it lacks jurisdiction to hear this case at this time [noting that at that time "this statutory exhaustion requirement applies only to reserve officers, and not to Regular Army officers."]. The plaintiff's suit is clearly based on his "failure . . .

> to be selected for a promotion," and the Secretary of the Army has not rejected his claim or referred it to a special selection board.

Id. The court went on to reject plaintiff's theory of constructive denial "in the face of such an explicit congressional statement," holding that a three-and-a-half month period since plaintiff petitioned the ABCMR was "much too short for the Court to make the extra-statutory presumption that the defendant's petition [was] thus doomed to fail." Id.

The court also held that the "legislative edict" mandating exhaustion "necessarily preempts [the] judicially created doctrines" that the ABCMR was not empowered to consider constitutional claims, that the exhaustion requirement was relaxed with respect to constitutional questions, and that exhaustion allegedly would have been futile because the Secretary was allegedly biased. Id. at 24-25.

Under Juffer, the pendency of an application before a Correction Board is part of the administrative process of the SSB statute which must be exhausted before jurisdiction may attach. Similarly, in this case, the pendency of reconsideration by a SSB of plaintiff's failure to be recommended for promotion is part of the administrative process under the provisions of 10 U.S.C. § 14502(g)(1)(A), which explicitly provides that no court of the United States has jurisdiction to consider the claim of a person based to any extent on his failure to be selected for promotion unless the claim has first been "acted upon" by a SSB.

Likewise, in the earlier case, Scott v. England, 264 F. Supp.2d at 5, this Court dismissed an action against the Secretary of the Navy by the same plaintiff alleging violations of equal protection and due process and the APA by an allegedly impermissible affirmative action promotion policy that allegedly favored minorities and women. Id. at 6. Plaintiff Scott alleged

12

that he filed the complaint at that time in order that the statute of limitations not be exceeded while a petition before the Navy Correction Board remained pending. The Court ruled that plaintiff's failure to exhaust administrative remedies before filing the action warranted dismissal of the action. Id. at 9. After discussing the ruling in Juffer, "in circumstances parallel to those in the instant case," this Court in Scott stated, "in light of Congress's clear statement on the matter and the ruling in Juffer, this court holds that the court lacks jurisdiction to hear this case due to the pendency of administrative review." Id. at 8-9. The outcome was additionally supported by plaintiff's concession that he had not exhausted his administrative remedies before initiating the action. Id. at 9.

When, as here, a challenge is made to agency policy or practices, "merely because petitioner's argument is constitutionally based does not . . . entitle a party to bypass statutory exhaustion requirements." Northwestern Indiana Telephone Co. v. FCC, 824 F.2d 1205, 1210-11 n.8 (D.C. Cir. 1987). In Bittner v. Sec'y of Defense, 625 F. Supp. 1022 (D.D.C. 1985) (June L. Green, J.), in requiring the exhaustion of administrative remedies, the court rejected plaintiff's claims that the review boards lacked the authority to examine constitutional claims, that the review process was too long and time-consuming, and that prior board action with respect to other individual plaintiffs suggested that plaintiff would also be unsuccessful in his claims, id. at 1027:

> The Court should not address constitutional claims where issues may be resolved
> in plaintiff's favor at the administrative level on nonconstitutional grounds.
> Further, as demonstrated by other individual plaintiffs in this action, the
> administrative review process is not inordinately long. Additionally, it provides
> the Court with valuable agency expertise and fact finding that could assist the
> Court in reviewing plaintiff[']s claims. Finally, prior board action of other
> plaintiffs in this action are not determinative as to plaintiff[']s claims. The review

board must determine individually the factual basis and propriety of plaintiff['']s general discharge.  The Court notes that beyond any information assistance, these review boards may render in reviewing plaintiff['']s claims, pursuing administrative remedies within the Air Force affords the defendants the opportunity "to discover and correct its own errors," if any.

Id,. "[T]he mere fact that a complaint raises questions of statutory interpretation and constitutionality of regulations does not exempt the action from the exhaustion doctrine." St. Regis Paper Co. v. Marshall, 591 F.2d 612, 614 (10th Cir. 1979); see also Bois v. Marsh, 801 F.2d 462, 467-468 (D.C. Cir. 1986); Champagne v. Schlesinger, 506 F.2d 979, 984 (7th Cir. 1974); Stanford v. United States, 413  F.2d 1048, 1048-49 (5th Cir. 1969).

Once a SSB has been ordered to be convened, this Court lacks jurisdiction.  This Court said in its earlier opinion in Scott v. England, 264 F. Supp. 2d 9, "in light of Congress' clear statement on the matter  and the ruling in Juffer, this court holds that the court lacks jurisdiction to hear this case due to the pendency of administrative review." See also Steel Co. v. Citizens for a Better Environment, 523 U.S. at 88-89, 93-103, citing, at 94-95, Ex parte McCardle, 7 Wall. (74 U.S.) at 514, Mansfield, C. & L.M. Ry. Co. v. Swan, 111 U.S. at 382.  See supra at 5.  Thus, there is no basis to hold in abeyance the pending complaint because of the uncertain eventualities of what the SSB may some day determine in the future.

Accordingly, until plaintiff has exhausted his administrative remedies explicitly required by statute, 10 U.S.C. § 14502(g), at a minimum the Court lacks jurisdiction to entertain his Fiscal Year 1998 claim at this time.

## II. IN THE ABSENCE OF FINAL AGENCY ACTION, SOVEREIGN IMMUNITY HAS NOT BEEN WAIVED AND THE COURT LACKS JURISDICTION OVER PLAINTIFF'S FISCAL YEAR 1998 CLAIM

"Under settled principles of sovereign immunity, 'the United States, as sovereign, "is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit."'" United States v. Dalm, 494 U.S. 596, 608 (1990), citing United States v. Testan, 424 U.S. 392, 399 (1976), and quoting United States v. Sherwood, 312 U.S. 584, 586 (1941).  A suit against a federal agency or its employees in their official capacity is a suit against the United States, and, absent its consent, is subject to the defense of sovereign immunity.  Hawaii v. Gordon, 373 U.S.57, 58 (1963).  There is no implied right of action as against the federal government, and a waiver of the sovereign immunity of the United States in a suit against a federal agency cannot be implied but must be unequivocally expressed and unambiguously established.   United States v. Mitchell, 445 U.S. 535, 538 (1980); United States v. Testan, 424 U.S. at 399; Dorsey v. United States Dep't of Labor, 41 F.3d 1551, 1555 (D.C. Cir. 1994).  A waiver of the government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign, ambiguities will be construed in favor of immunity, and exceptions are not to be implied.  Lane v. Pena, 518 U.S. 187, 192 (1996); Galvan v. Federal Prison Industries, Inc., 199 F.3d 461, 464 (D.C. Cir. 1999).

Jurisdiction is invoked in the complaint in this case, inter alia, under the APA, 5 U.S.C. § 701.  Compl. at ¶ 1.  Provision is made for the waiver by the federal government of its sovereign immunity in an action under the APA in 5 U.S.C. § 702:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.  An action in a court of the United States seeking relief

other than money damages and stating a claim that an agency or an officer or
employee thereof acted or failed to act in an official capacity or under color of
legal authority shall not be dismissed nor relief therein be denied on the ground
that it is against the United States or that the United States is an indispensable
party. The United States may be named as a defendant in any such action, and a
judgment or decree may be entered against the United States[.]

The APA thus waives the sovereign immunity of the United States in actions for non-monetary

relief based on challenges to federal agency action. Swan v. Clinton, 100 F.3d 973, 981 n.4

(D.C. Cir. 1996). However, final agency action is a jurisdictional prerequisite to judicial review

under the APA under 5 U.S.C. § 704, which provides that "[a]gency action made reviewable by

statute and final agency action for which there is no other adequate remedy in a court are subject

to judicial review."[2]  See FTC v. Standard Oil Co. of California, 449 U.S. 232, 238 (1980) (APA

judicial review available before conclusion of administrative adjudication only if issuance of

agency complaint was "final agency action" or was otherwise "directly reviewable" under § 704);

Hindes v. FDIC, 137 F.3d 148, 161 (3d Cir. 1998) ("APA only provides for review of those

actions 'made reviewable by statute and final agency action for which there is no other adequate

remedy in a court'"); Beverly Enterprises, Inc. v. Herman, 50 F. Supp. 2d 7, 11 (D.D.C. 1999)

(Harris, J.) (final agency action is a jurisdictional prerequisite to judicial review under APA).

"Congress gave agencies free dominion to make rulings or adjudications free from

judicial interference until there is final agency action. This cannot be side-stepped."

Independent Petroleum Ass'n of America v. Babbitt, 971 F. Supp. 19, 29 (D.D.C. 1997), motion

---

[2]The concepts of "finality" and "exhaustion" are not identical, no matter how often they
converge; in general, exhaustion refers to the steps which the litigant must take, whereas finality
refers to the conclusion of activity by the agency. Ticor Title Insurance Co. v. FTC, 814 F.2d
731, 745-46 (D.C. Cir. 1987) (separate opinion, Williams, Circuit Judge); Bethlehem Steel Corp.
v. EPA, 669 F.2d 903, 908 (3d Cir. 1982).

to amend denied, 178 F.R.D. 323, 326 and n.4 (D.D.C. 1998) (Lamberth, J.) (when there are pending administrative appeals, so that an agency's deliberative decision making process is not complete, judicial interference is especially inappropriate), aff'd, 235 F.3d 588, 594 (D.C. Cir. 2001) (district court properly dismissed complaint because of lack of final agency action), quoting DRG Funding Corp. v. Sec'y of HUD, 76 F.3d 1212, 1214 (D.C. Cir. 1996) ("The requirement of a final agency action has been considered jurisdictional. . . . If the agency action is not final, the court therefore cannot reach the merits of the dispute") (footnote omitted), and Public Citizen v. Office of U.S. Trade Representatives, 970 F.2d 916, 918 (D.C. Cir. 1992) ("As finality is a jurisdictional requirement," the absence of a final agency action "precludes us from considering the merits, and removes any need for considering the government's other jurisdictional argument").

Accordingly, since clearly there can be no final agency action until after the Special Selection Board's final action on reconsideration of plaintiff's failure to be selected for promotion for Fiscal Year 1998, there has been no waiver of sovereign immunity as to the Fiscal Year 199 claim, and no jurisdiction attaches under the APA for such claim.

The other statutes invoked by plaintiff likewise do not waive sovereign immunity nor confer jurisdiction on the Court for any of plaintiff's claims. "The Civil Rights Act, 42 U.S.C. § 703" (i.e., Pub. L. 88-352, Title VII, § 703, 42 U.S.C. § 2000e-2), cited by plaintiff, Compl. at ¶ 1, pertaining to unlawful employment practices, is inapplicable because Title VII of the Civil Rights Act does not apply to uniformed members of the armed forces, 42 U.S.C. § 2000e-16. Randall v. United States, 95 F.3d 339, 343 (4th Cir. 1996); Collins v. Sec'y of Navy, 814 F. Supp. 130, 131 (D.D.C. 1993) (Oberdorfer, J).

17

The provisions of the federal mandamus statute, 28 U.S.C. § 1361, invoked by plaintiff, Compl. at ¶ 1, giving district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," do not by themselves waive the sovereign immunity of the United States. Washington Legal Foundation v. United States Sentencing Comm'n, 89 F.3d 897, 901 (D.C. Cir. 1996). See Swan v. Clinton, 100 F.3d at 981; Coggeshall Development Corp. v. Diamond, 884 F.2d 1, 3 (1st Cir. 1989); Public Citizen v. Kantor, 864 F. Supp. 208, 213 (D.D.C. 1994) (Pratt, J.).

The Declaratory Judgment Act, 22 U.S.C. § 2201, also invoked by plaintiff, Compl. at ¶ 1, which authorizes any court of the United States "to declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought," does not constitute an independent grant of jurisdiction. Swan v. Clinton, 100 F.3d at 976 n. 1. "Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction," which "was not altered," so that "the requirements of jurisdiction – the limited subject matters which alone Congress had authorized the District Courts to adjudicate – were not impliedly repealed or modified." Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950).

In addition, as discussed supra at 7-9, 10 U.S.C. § 14502(g)(2), see Compl. at ¶ 1 citing 10 U.S.C. § 14502(h)(1), explicitly denies jurisdiction to any federal court where the Secretary has referred plaintiff's claim to a Special Selection Board which has not yet acted upon the claim. 10 U.S.C. § 14502(g)(1)(A).

18

Finally, "[i]t is well settled" that the general federal question statute invoked by plaintiff, Compl. at ¶ 1, giving district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, "'implies no general waiver of sovereign immunity[],' and, therefore, cannot alone be relied upon as the basis of jurisdiction[.]" Voluntary Purchasing Groups, Inc. v. Reilly, 889 F.2d 1380, 1385 (5th Cir. 1989). See also Swan v. Clinton, 103 F.3d at 981 ("Neither the general federal question statute nor the mandamus statute by itself waives sovereign immunity"); Benvenuti v. Dep't of Defense, 587 F. Supp. 348, 352 (D.D.C. 1984) (John Lewis Smith, J.). The statute conferring federal question jurisdiction "is not a general waiver of sovereign immunity. . . . It merely establishes the subject matter that is within the competence of federal courts to entertain. It does nor expand the power of those courts in terms of the parties over whom it may exercise jurisdiction." Coggeshall Development Corp. v. Diamond, 884 F.2d at 4.

### III. BECAUSE PLAINTIFF SEEKS MONETARY RELIEF IN EXCESS OF $10,000, THIS ACTION IS SUBJECT TO THE EXCLUSIVE JURISDICTION OF THE COURT OF FEDERAL CLAIMS

The Tucker Act vests exclusive jurisdiction in the United States Court of Federal Claims over any claim against the United States in excess of $10,000, and vests concurrent jurisdiction in the federal district courts and the Court of Federal Claims in cases involving $10,000 or less. 28 U.S.C. §§ 1346(A)(2), 1491. Kidwell v. Dep't of Army, 56 F.3d 279, 283 (D.C. Cir. 1995); Bliss v. England, 208 F. Supp. 2d 2 (D.D.C. 2002) (Urbina, J.).

In his Prayer for Relief, Compl. at ¶1(c), plaintiff requests:

The Defendant shall correct Plaintiff's military records to reflect promotion as if selected by the original Selection Board, paying the future value of back pay and allowances, and crediting retirement points, based on the Plaintiff's average

19

annual drills conducted and active duty participation including, as a minimum, the Captain's billet for which he was selected but removed due to failure to promote. Consideration should be given to the fact that the Plaintiff had never "not selected" for a pay billet, had intended to complete a thirty year career, and only retired due to his failure to select to the next higher rank removing him from any possibility of future billet competition.

While couched in terms of seeking promotion from Commander to Captain, the complaint seeks in essence the concomitant specific fruits of the promotion, the monetary benefits flowing from the advancement in rank. It is plaintiff's burden to establish jurisdiction, see Bliss v. England, 208 F. Supp. 2d at 5, and clearly he cannot do so. The pay, allowances, retirement credits, and other financial emoluments from his billet from Commander to Captain specifically identified by plaintiff as relief to be granted under his complaint, to be computed over the period of years from Fiscal Year 1997 denied by the original SB, would also far exceed the $10,000 required for jurisdiction to vest exclusively in the Court of Federal Claims. See Bliss v. England, 208 F. Supp. 2d at 7 (retirement pay of rank of Major rather than Captain far in excess of $10,000).

"Absent other grounds for district court jurisdiction, a claim is subject to the Tucker Act and its jurisdictional consequences if, in whole or in part, it explicitly or 'in essence' seeks more than $10,000 in monetary relief from the federal government." Bliss v. England, 208 F. Supp. 2d at 7, quoting Kidwell v. Dep't of Army, 56 F.3d at 284. "If a court determines that the plain effect of a favorable judgment would be financial gain for the plaintiff, then the Tucker Act controls." Bliss v. England, 208 F. Supp. 2d at 6. In this case, plaintiff is not silent as to monetary relief or made "a mere 'suggestion' of money,'" cf. Kidwell v. Dep't of Army, 285 F.2d at 285, but explicitly requests money relief, see Bliss v. England at 7.

20

This Court said in <u>Bliss v. England</u>, 208 F. Supp. 2d at 7, distinguishing <u>Kidwell</u>, "In contrast, . . . (b)ecause his complaint specifically mentions monetary relief, the plaintiff in this case is subject to the Tucker Act.  <u>Kidwell</u>, 56 F.3d at 284-86. . . .  Thus, this court does not have subject-matter jurisdiction to hear this case because it falls within the exclusive jurisdiction of the Court of Federal Claims.  28 U.S.C. §§ 1346(a)(2), 1491. . . .  Following the D.C. Circuit's line of reasoning, the court determines that the plain effect of this suit is monetary relief because if the plaintiff were successful, the government would need to pay the plaintiff far more than $10,000 to compensate the plaintiff for the difference in retirement pay at the rank of major rather than at the rank of captain."  It is then the financial benefit far in excess of $10,000 which plaintiff "in essence" as a practical matter seeks for himself, whatever satisfaction plaintiff may derive from a promotion, which establishes exclusive jurisdiction in the Court of Federal Claims. See <u>Bliss v. England</u>, 208 F. Supp. 2d at 7.

Accordingly, the exclusive jurisdiction in the Court of Federal Claims extends to plaintiff's claims both for Fiscal Year 1997 and for Fiscal Year 1998, so that the Court must dismiss both claims as beyond the jurisdiction in this Court.

## IV.  THE COURT DOES NOT HAVE JURISDICTION TO ORDER PLAINTIFF'S PROMOTION

Even if plaintiff were otherwise to prevail, and if the Secretary on remand denies a promotion to plaintiff, <u>see</u> Compl. Prayer for Relief ¶1(c), the Court cannot itself order plaintiff promoted to Captain, and require the Secretary to order his military records to reflect promotion and to pay the future value of back pay and allowances, and retirement points, <u>id.</u>, because such relief would be outside the Court's subject-matter jurisdiction.  As held in <u>Kreis v. Sec'y of Air</u>

21

Force, 866 F.2d 1508, 1551 (D.C. Cir. 1989), the Court cannot substitute its judgment for the discretion residing in the military services to determine promotions:

> Appellant's request for retroactive promotion falls squarely within the realm of nonjusticiable military personnel decisions. To grant such relief would require us to second-guess the Secretary's decision about how best to allocate military personnel in order to serve the security needs of the Nation. This court is not competent to compare appellant with other officers competing for such a promotion. Not only is that task inherently unsuitable to the judicial branch, but also Congress has vested in the Secretary alone the authority to determine whether the original selection boards erred in comparing appellant to the other candidates for promotion.

See also Gavin v. United States, 47 Fed. Cl. 486, 491 (2000) ("It is well settled that the Secretary . . . , not this court, has the responsibility to recommend or select individuals for promotion").

"Civilian courts must, at the very least, hesitate long before entertaining a suit which asks to court to tamper" with military personnel relationships. See Chappell v. Wallace, 462 U.S. 296, 300 (1983); Orloff v. Willoughby, 345 U.S. 83, 93-94 (1953) ("judges are not given the task of running the Army. . . . Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to interfere in judicial matters"). "[J]udicial deference . . . is at its apogee when legislative action under the congressional authority to raise and support armies and make rules and regulations for their governance is challenged." Goldman v. Weinberger, 475 U.S. 503, 508 (1986), quoting Rostker v. Goldberg, 453 U.S. 57, 70 (1981).

"The reluctance to intrude upon the authority of the Executive in military and national security matters," Dep't of Navy v. Egan, 484 U.S. 518, 530 (1988), is especially pronounced with regard to personnel matters such as promotions, which "go[] directly to the 'management' of the military; it calls into question basic choices about the discipline, supervision, and control

of a serviceman." United States v. Shearer, 473 U.S. 52, 58 (1985). Judicial review of military

procedures and policies implicate "[t]he complex, subtle, and professional decisions as to

composition, training, equipping and control of a military force [that] are essentially professional

military judgments." Gilligan v. Morgan, 413 U.S. 1, 10 (1973). "[C]onstitutional rights must

be viewed in the light of the special circumstances and needs of the armed forces. . . . Special

deference must be given by a court to the military when adjudicating matters involving their

decisions on discipline, morale, composition and the like, and a court should not substitute its

views for the 'considered professional judgment of the military.'" Woodward v. United States,

871 F.2d 1068, 1077 (Fed. Cir. 1989).[3]

## V. PLAINTIFF'S CONSTITUTIONAL CLAIM FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Even assuming the Court has jurisdiction, plaintiff has no basis to challenge the

constitutionality of the equal opportunity instructions utilized by the SBs for Fiscal Years 1997

and 1998. The Secretary has already granted plaintiff SSBs for Fiscal Years 1997 and 1998.

Hence, the constitutionality of the instructions utilized by the original Fiscal Years 1997 and

1998 SBs is not an issue. An SSB's decision relates back to the date of the original SB's

decision,, and stands in place of the earlier decision. See Porter v. United States, 163 F.3d 1304,

---

[3]Although sought in the complaint, it should also be noted that plaintiff could not entitled to attorney's fees in this case as a "prevailing party" under the fee-shifting provisions of the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), because the convening of a Special Selection Board reflects the voluntary administrative action of the Navy, not a court-ordered change, see Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health and Human Resources, 532 U.S. 598, 602-04 (2001); Marsh v. Johnson at 26-32, and also because a pro se attorney-litigant may not recover attorney's fees under the EAJA, Kay v. Ehrler, 499 U.S. 432, 437-38 (1991); Kooritzky v. Herman, 178 F.3d 1315, 1317 (D.C. Cir. 1999).

1315 (Fed. Cir. 1998). This Court has found that the disputed precepts earlier employed by SBs were voluntarily displaced by new instructions which passed constitutional muster as race and gender-neutral alternatives. <u>Marsh v. Johnson</u>, No. 00-2150 (August 23, 1908) at 20. Plaintiff has not challenged The precepts employed by the SSB instructions require no special consideration for minority or female candidates, <u>see</u> Def. Ex. C, and have not been challenged by plaintiff. Accordingly, plaintiff can state no claim for which relief can be granted as to the constitutionality of the instructions utilized by the original SBs.

Moreover, in addition to his equal protection claim, plaintiff's claim in Count Two is also without merit that the equal opportunity instructions "requiring the Selection Boards to give special consideration to promoting minorities and women" violated his Constitutional right to due process "in the absence of any compelling or important governmental interest justifying special consideration  and the narrow tailoring of such discriminatory action." Compl. ¶¶ 25-26. Plaintiff has no separate constitutional due process right of action, because military officers have no constitutional liberty or property interest in a military promotion <u>per se</u>. <u>Blevins v. Orr</u>, 721 F.2d 1419, 1421-22 (D.C. Cir. 1983) ("As to appellant's constitutional claim, it is clear that military decisions <u>simpliciter</u> are not susceptible to due process challenges,  inasmuch as there exists no property or liberty interest in a  military promotion"). Military personnel serve at the discretion of the Secretary of the service, and have no protected property or liberty interest in service in the military, much less a protected interest or right to any particular assignment or promotion. <u>Guerra v. Scruggs</u>, 942 F.2d 270, 277-79 (4th Cir. 1991); <u>Rich v. Sec'y of Army</u>, 735 F.2d 1220, 1226-27 (10th Cir. 1984). A military officer has no property right to continued military service. <u>Id.</u> at 1226.

24

Plaintiff's action is thus also subject to dismissal because he has failed to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, the Court should grant defendant's motion to dismiss.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

VINCENT M. GARVEY
Deputy Branch Director
D.C. Bar No. 127191

OF COUNSEL:

/s/ Herbert E. Forrest
HERBERT E. FORREST
LCDR THOMAS F. LEARY                Trial Attorney, DC Bar No. 4432
General Litigation Division         Federal Programs Branch
Office of Judge Advocate General    Civil Division – Room 7112
Suite 3000, 1322 Patterson Avenue, S.E.    U.S. Department of Justice
Washington Navy Yard, D.C.          20 Massachusetts Avenue, N.W.
    20374-5066                Washington, D.C.  20530
                   Telephone: (202) 514-2809
                   Facsimile: (202) 616-8470
                   herbert.forrest@usdoj.com

Attorneys for Defendant

February 24, 2006

25