

**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

HD:kes
Docket No. 07145-05
16 November 2005

CDR CRAIG C SCOTT USNR RET
20829 SPINNING WHEEL PLACE
GERMANTOWN MD  20874

Dear Commander Scott:

This is in reference to your application for correction of your naval record.

Your case has been assigned to the Board's Performance Section. All correspondence pertaining to your case should be sent to the attention of this section.

The Board has received an advisory opinion, a copy of which is enclosed. The views set forth in this opinion are those of the office that submitted it, and are not binding on the Board or its reviewing authority. If you wish to respond to the advisory opinion or submit documentary material in support of your application, it is requested that you do so within 30 days of the date of this letter. Your response should be sent to the Board and not to the official who furnished the advisory opinion.

If you are unable to respond within the 30-day period, you may request an extension of time. In your request, please indicate when the Board may expect to receive your response. If no response or request for an extension of time is received within the 30-day period, your case will be classified as being ready for review by the Board, and will be decided on the evidence of record as soon as the Board's crowded docket of cases permits.

As a general rule, the Board will not decide a case prior to the expiration of the 30-day period unless it has received the applicant's response to the advisory opinion. However, an exception may be made if a case warrants expeditious action.


DEFENDANT'S EXHIBIT A

The most common example is when an applicant who is seeking removal of a fitness report is also scheduled to be considered for promotion within the 30-day period. Under these circumstances, the Board may, in its discretion, decide the case before the 30-day period expires and without waiting for the applicant's response to the advisory opinion. Should the case be denied, the Board will treat the applicant's response as a request for reconsideration.

Sincerely,

JONATHAN S. RUSKIN
Head, Performance Section
For

Enclosure
PERS-480 memo dtd 21 Oct 05



**DEPARTMENT OF THE NAVY**
NAVY PERSONNEL COMMAND
5720 INTEGRITY DRIVE
MILLINGTON TN 38055-0000

```
                                                 5420
                                                 PERS-480/0943
                                                 21 Oct 2005
```

MEMORANDUM FOR EXECUTIVE DIRECTOR, BOARD FOR CORRECTION OF
              NAVAL RECORDS

Via:   Assistant for BCNR Matters (PERS-3LC2)

Subj:  REQUEST FOR COMMENTS AND RECOMMENDATION IN CASE OF
       CDR CRAIG C. SCOTT, USNR(RET), 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

Ref:   (a) BCNR ltr of 20 Oct 2003
       (b) CDR(RET) Scott's ltr of 27 July 2004
       (c) CDR(RET) Scott's ltr of 18 August 2005

Encl:  (1) BCNR File 05575-02

1. Forwarded, recommending his request for a special promotion selection board be approved, but recommending his request to remove the failure of selection for the FY-97 O-6 promotion selection board be disapproved.

2. The facts pertaining to CDR(RET) Scott's request for a FY-98 special promotion selection board, based on the denial of his Fifth Amendment rights, are identical to those pertaining to his request for a FY-97 special promotion selection board granted by BCNR in reference (a). Taking into account BCNR's previous decision and the final paragraph of reference (a), recommend the relief of a FY-98 O-6 special promotion selection board be granted.

3. CDR(RET) Scott requests for relief in references (b) and (c) provide no legitimate reason that his failure of selection on the FY-97 O-6 promotion selection board should be removed from his official record. Not only did CDR(RET) Scott fail to select on the FY-97 O-6 promotion selection board, he also failed to select on the FY-97 O-6 special promotion selection board conducted in February 2004. This being the case, his prior failure of selection to the rank of captain is valid, should remain a part of his permanent record and should be available for deliberations by a special promotion selection board if that relief is granted by BCNR and SECNAV.

4. Regarding CDR(RET) Scott's request in references (b) and (c) to be informed of the circumstances surrounding the "gross errors in the proceedings and reporting" of the FY-97 O-6 special promotion selection board, an investigation revealed that his record correctly appeared before the FY-97 special promotion selection board and the results were forwarded to the Secretary of the Navy with CDR(RET) Scott's correct social security number. With the exception of the letter from Director, Officer Career Progression Branch notifying him of his failure of select before the FY-97 O-6 special promotion selection board, all instances of the use of CDR(RET) Scott's social security number in board proceedings and reporting have been verified as correct.

5. Regarding CDR(RET) Scott's request in references (b) and (c) to be provided information to document the proper conduct of the FY-97 special promotion selection board; although documentation of the board's proceedings cannot be released, the aforementioned investigation revealed that CDR(RET) Scott's record appeared before that special promotion selection board and was a fair and accurate representation of his service at the time it would have appeared before the regular FY-97 O-6 promotion selection board. It was also noted that there were no errors in his social security number throughout that record. The error in his social security number on his failure of selection letter was made after the fact and was not a factor in the FY-97 O-6 special promotion selection board's decision not to select him for promotion.

6. In summary, CDR(RET) Scott should be granted partial relief. His request for a special promotion selection board should be approved, but his request for removal of his FY-97 failure of selection to captain should be denied.

E. S. HOSTETLER
Director, Officer Career
Progression Branch

# REFERENDUM

CAT #OPS 50

Scott, Craig C.
*07145-05*

Subject's Name:

__Scott_____  __Craig_____  __C.__  _____
Last                                First                      MI      Suffix

☐ REQUEST FOR RECONSIDERATION

    ☐ Approved: _____  _____

    ☐ Disapproved: _____  _____

                                Signature        Date

☑ ADMINISTRATIVE RE-OPEN

    ☐ Approved: __[signature]_____  __8/26/05__
                           Signature                Date

COMMENTS: _____
_____
_____
_____
_____
_____

**NOTE:** Please deliver to OIS Section with "closed" BCNR file

NEW Docket No.

(OIS/11 1Jul86)

Docket No: 07145-05
1 December 2005

From: Commander Craig Charles Scott, USNR (Ret.), 20829 Spinning Wheel Place, Germantown, Maryland 20874
To: Board for Correction of Naval Records (BCNR), Department of the Navy, Washington, DC 20370-5100

Subj: SPECIAL SELECTION PROMOTION BOARD/LACK OF RESPONSE

Ref: A. BCNR Memorandum Docket No: 07145-05, 16 November 2005
B. Navy Personnel Command Memorandum Ser 480/0943, 21 October 2005
C. BCNR Memorandum Docket No: 03818-02, 20 October 2003

Encl: (1) Scott v. Secretary of the Navy, Case Number 1:05CV02218

1. This letter is in response to references A and B and offers documentary material in support of my request through reference C.

2. The Navy Personnel Command advisory opinion, reference B, confirms that my request of 27 July 2004 for action with respect to reopening my case and conducting a Special Selection Promotion Board for FY-98 was not only legitimate but requested as per BCNR instructions specified in reference C. It does not, however, explain why no action has been taken regarding my request during the preceding 15 months.

3. The recommended denial in reference C regarding my request to remove the failure of selection for the FY-97 O-6 promotion selection board, a request made in my letter of 27 July 2004 and not even considered until 21 October 2005, is expressly based on information that "cannot be released." Any promotion selection board, special or otherwise, must not only be free of dispositive clerical or substantive error, a condition that is not clearly achieved by the process and reporting of the FY-97 Reserve Captain Unrestricted Special Promotion Selection Board, but must afford all service members competing for promotion an equal opportunity. Conducting successive selection promotion boards, where prior failures to select are included in the deliberations, and where those prior failures to select were the result of selection board deliberations that relied on precepts requiring special treatment of female and minority candidates placing male caucasian candidates at a disadvantage, is not a remedy for a prior injustice and commits successive proceedings to a prejudicial review of the record.

4. On November 15, 2005, I filed a Complaint in the United States District Court for the District of Columbia. This Complaint delineates my specific concerns with the conduct of my selection boards and serves as a detailed response to reference A.

Craig C. Scott

DEFENDANT'S EXHIBIT B



**DEPARTMENT OF THE NAVY**
NAVY PERSONNEL COMMAND
5720 INTEGRITY DRIVE
MILLINGTON TN 38055-0000

```
                                        1401
                                        Ser 80/1239
                                        24 Nov 03
```

From: Commander, Navy Personnel Command
To:   CDR Craig C. Scott, USNR, 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/1129

Subj: SPECIAL PROMOTION SELECTION BOARD

1. The Secretary of the Navy has approved your request, and you are now eligible for the FY-97 Naval Reserve Captain Unrestricted Line Special Promotion Selection Board scheduled to convene on 26 February 2004.

2. Any communication with the Board President must be received by the convening date, 26 February 2004. Correspondence to the Board President should be forwarded to the President, Special Promotion Selection Board, Commander, Navy Personnel Command (PERS-801C), 5720 Integrity Drive, Millington, TN 38055-8010. All correspondence submitted for the board's consideration must pertain to events that occurred on or before the original board's convening date of 22 January 1996.

3. Should you have any questions, please contact LCDR Howard Gray, Special Promotion Selection Board Coordinator, at Commercial (901) 874-2322 or DSN 882-2322.

```
                         R. WILLIAM CLATTERBUCK
                         By direction
```

DEFENDANT'S EXHIBIT C

23 Mar 04

MEMORANDUM FOR THE RECORD

From: Admin Officer, Career Progression Division

SUBJ: PRECEPT CONVENING FY-97 NAVAL RESERVE SPECIAL PROMOTION SELECTION BOARD TO CONSIDER OFFICERS IN THE COMPETITIVE CATEGORY OF UNRESTRICTED LINE ON THE RESERVE ACTIVE-STATUS LIST OF THE NAVY FOR PROMOTION TO THE PERMANENT GRADE OF CAPTAIN

1. The subject precept has the following administrative error:

    a. The subject line of the precept reads:

PRECEPT CONVENING AN FY-97 NAVAL RESERVE SPECIAL PROMOTION SELECTION BOARD TO CONSIDER OFFICERS IN THE COMPETITIVE CATEGORY OF UNRESTRICTED LINE ON THE **ACTIVE-DUTY LIST** OF THE NAVY FOR PROMOTION TO THE PERMANENT GRADE OF CAPTAIN

    b. The subject line should read as follows:

PRECEPT CONVENING AN FY-97 NAVAL RESERVE SPECIAL PROMOTION SELECTION BOARD TO CONSIDER OFFICERS IN THE COMPETITIVE CATEGORY OF UNRESTRICTED LINE ON THE **RESERVE ACTIVE-STATUS LIST** OF THE NAVY FOR PROMOTION TO THE PERMANENT GRADE OF CAPTAIN.

    c. Paragraph 1.b. reads:

    The function of the board is to consider **Active-Duty List** officers for promotion to the permanent grade of captain. The records and names of the eligible officers will be furnished to the board. The board shall carefully consider, without prejudice or partiality, the cases of the officers whose names are furnished to the board.

    c. Paragraph 1.b. should read as follows:

    The function of the board is to consider **Reserve Active-Status List** officers for promotion to the permanent grade of captain. The records and names of the eligible officers will be furnished to the board. The board shall carefully consider, without prejudice or partiality, the cases of the officers whose names are furnished to the board.

2. The special promotion selection board was conducted properly in all other aspects. The eligible for the subject board was compared to sample records retained from the FY-97 Naval Reserve Captain Promotion Selection.

C. E. JOHNSON



**DEPARTMENT OF THE NAVY**
OFFICE OF THE SECRETARY
WASHINGTON, D.C. 20350-1000

FEB 17 2004

From: Secretary of the Navy
To:   President, FY-97 Naval Reserve Captain Unrestricted Line Special Promotion Selection Board

Subj: PRECEPT CONVENING AN FY-97 NAVAL RESERVE SPECIAL PROMOTION SELECTION BOARD TO CONSIDER OFFICERS IN THE COMPETITIVE CATEGORY OF UNRESTRICTED LINE ON THE ACTIVE-DUTY LIST OF THE NAVY FOR PROMOTION TO THE PERMANENT GRADE OF CAPTAIN

Encl: (1) Board Membership
      (2) SECNAV ltr of 11 Jan 96

1. <u>Membership, Date, Location, and Function</u>

    a. A special promotion selection board, consisting of you as president and the officers listed in enclosure (1), is ordered to convene at Naval Personnel Command, Millington, TN at 0800, 26 February 2004, or as soon as practicable thereafter.

    b. The function of the board is to consider Active-Duty List officers for promotion to the permanent grade of captain The records and names of the eligible officers will be furnished to the board. The board shall carefully consider, without prejudice or partiality, the cases of the officers whose names are furnished to the board.

2. Enclosure (2) is the precept that was presented to the regularly scheduled promotion selection board. The special promotion selection board is directed to comply with all instructions governing the regularly scheduled board, except as noted below:

    a. A special promotion selection board is expressly designed to give the officer before it an opportunity to be selected. Accordingly, a special promotion selection board is not subject to promotion percentage limitations ordinarily used by regularly scheduled promotion selection boards.

Subj: PRECEPT CONVENING AN FY-97 NAVAL RESERVE SPECIAL PROMOTION SELECTION BOARD TO CONSIDER OFFICERS IN THE COMPETITIVE CATEGORY OF UNRESTRICTED LINE ON THE ACTIVE-DUTY LIST OF THE NAVY FOR PROMOTION TO THE PERMANENT GRADE OF CAPTAIN

    b. The special promotion selection board shall not apply the "best qualified" standard of the original precept. Instead, the special board shall compare the record of the eligible officers with the sampling of records of officers who were recommended for promotion by the regularly scheduled board that failed to consider, or failed to properly consider, the eligible officer. Based upon the sampling of records and other information submitted, the board shall recommend for promotion officers who, in the opinion of the majority of the members, are fully qualified for promotion and, when compared to the officers whose sample records were considered, are comparable to those officers who were selected for promotion by that same board.

    c. The special promotion selection board is not required to prepare a sampling of records.

    d. The special promotion selection board is directed to disregard enclosure (2), paragraphs 2 and 3. These paragraphs shall be replaced with the following equal opportunity guidance.

        (1) The Department of the Navy is dedicated to equality of treatment and opportunity for all personnel without regard to race, creed, color, gender, or national origin. The Navy strives to maintain a professional working environment in which an individual's race, creed, color, gender, or national origin will not limit his or her professional opportunities. Accordingly, within this board's charter to determine those officers who are best and fully qualified, you must ensure that officers are not disadvantaged because of their race, creed, color, gender, or national origin.

        (2) Your evaluation of all officers must afford them fair and equitable consideration. You should be particularly vigilant in your evaluation of records to take care that no officer's promotion opportunity is disadvantaged by service utilization policies or practices. You should evaluate each officer's potential to assume the responsibilities of the next higher grade, the overriding factor being performance of assigned duties.

        (3) The Navy has assigned some officers outside of traditional career development patterns, e.g., institutional instructors, recruiting and equal opportunity billets. In addition, other utilization policies or practices, such as those

Subj: PRECEPT CONVENING AN FY-97 NAVAL RESERVE SPECIAL PROMOTION SELECTION BOARD TO CONSIDER OFFICERS IN THE COMPETITIVE CATEGORY OF UNRESTRICTED LINE ON THE ACTIVE-DUTY LIST OF THE NAVY FOR PROMOTION TO THE PERMANENT GRADE OF CAPTAIN

based on statutory restrictions on the assignment of women, may have had an effect on career opportunities. These assignments, though beneficial to the Navy, may have foreclosed to the officers so assigned opportunities available to other officers. Such assignment practices should not prejudice the selection of these officers for promotion. Successful performance of assigned duties is the key in measuring an officer's potential for promotion. Accordingly, in determining the qualification for promotion of any officer who has been affected by such utilization policies or practices, duty performed well in such assignments should be given weight equal to duty performed well by an officer not affected by such policies or practices.

    (4) This guidance should not be interpreted as requiring or permitting preferential treatment of any officer or group of officers on the grounds of race, creed, color, gender, or national origin.

    e. The special promotion selection board is directed to disregard enclosure (2), paragraph 9e. This paragraph is to be replaced with the following language:

    (1) Before the report of the promotion selection board is signed, the recommendations may be disclosed only to members of the board, recorders, and those administrative support personnel I have designated in writing. After you sign the board report, only the recommendations of the board may be disclosed. Except as authorized by DoD Instruction 1320.14 and sections 616(e), 618(f), 14104, or 14108(d) of title 10, U.S. Code, the proceedings and deliberations of the board may not be disclosed to any person who is not a board member or board recorder.

    f. The board is directed to modify enclosure (2), paragraph 9g of the original precept to include the following two sub-paragraphs at paragraph:

    (7) You are aware that the names of the selectees will be released to the public after the board report is approved, and you know that you may not disclose recommended selectees until the names are released to the public; and

3

Subj:  PRECEPT CONVENING AN FY-97 NAVAL RESERVE SPECIAL
       PROMOTION SELECTION BOARD TO CONSIDER OFFICERS IN THE
       COMPETITIVE CATEGORY OF UNRESTRICTED LINE ON THE ACTIVE-
       DUTY LIST OF THE NAVY FOR PROMOTION TO THE PERMANENT
       GRADE OF CAPTAIN

(8) You understand that, except as authorized by DoD Instruction 1320.14 and sections 616(e), 618(f), 14104, or 14108(d) of title 10, U.S. Code, you may never disclose the proceedings and deliberations of the board to any person who is not a board member or board recorder.

3. The board is reminded that, in accordance with the guidance in the original precept, it is required to ensure that the officers considered are fully qualified to perform the duties of their current grade and to notify the Secretary of the Navy of the name of any officer who should be required to show cause for retention.

4. The written report of the board shall be signed by the board president, the board members, and the board recorders, and shall contain the names of the officers considered and recommended for promotion or considered and not recommended for promotion, the show cause list, and the certification required in enclosure (2), of the original precept, except for the certification contained in paragraph 9.g.(6), which shall be replaced with the following:

> The officer recommended for promotion is, in the opinion of the majority of the members of the board, fully qualified and, when compared to the officers whose sample records were considered, is comparable to those officers who were selected for promotion by the FY-97 Naval Reserve Captain Unrestricted Line Promotion Selection Board.

or

> The officer not recommended for promotion is, in the opinion of the majority of the members of the board, not fully qualified, or when compared to the officers whose sample records were considered, is not comparable to those officers who were selected for promotion by the FY-97 Naval Reserve Captain Unrestricted Line Promotion Selection Board.

5. Unless expressly authorized or required by the President, Secretary of Defense, or myself, neither you nor any member of the board or administrative staff may discuss or otherwise

4

Subj: PRECEPT CONVENING AN FY-97 NAVAL RESERVE SPECIAL PROMOTION SELECTION BOARD TO CONSIDER OFFICERS IN THE COMPETITIVE CATEGORY OF UNRESTRICTED LINE ON THE ACTIVE-DUTY LIST OF THE NAVY FOR PROMOTION TO THE PERMANENT GRADE OF CAPTAIN

disclose the proceedings, deliberations, or recommendations of the special promotion selection board. All board members and administrative staff must comply fully with these requirements, and I expect you to emphasize the need for strict confidentiality.

Gordon R. England



**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

HD:hd
Docket No. 07145-05
9 January 2006

From: Chairman, Board for Correction of Naval Records
To:   Secretary of the Navy

Subj: CDR CRAIG C. SCOTT, USNR, RET, 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/1125;
      REVIEW OF NAVAL RECORD (PARTIAL RECONSIDERATION)

Ref:  (a) 10 U.S.C. 1552

Encl: (1) DD Form 149 dtd 8 Apr 02 w/attachment
      (2) BCNR ltr dtd 20 Oct 03 w/enclosure
      (3) Subject's ltrs dtd 27 Jul 04 and 18 Aug 05
      (4) Extract of precept for FY 97 and 98 Res Line
          CAPT Sel Bds
      (5) PERS-480 memo dtd 21 Oct 05
      (6) Subject's ltr dtd 1 Dec 05 w/enclosure
      (7) Subject's naval record

1. Pursuant to the provisions of reference (a), Subject, hereinafter referred to as Petitioner, filed enclosure (1) with this Board requesting special selection board (SSB) consideration for the Fiscal Year (FY) 97 and 98 Reserve Line Captain Selection Boards and impliedly requesting removal of his failures of selection by those promotion boards. His request for removal of his FY 98 failure of selection and SSB consideration for FY 98 was denied twice previously: docket number 6337-97, on 23 July 1998, and 8456-98, on 15 April 1999. As enclosure (2) shows, his case before this Board was administratively closed because the Acting Secretary of the Navy had granted him SSB consideration for FY 97. The Board's letter informing him that the case had been closed stated "If you are not selected by the [SSB] for FY 97, you may ask that your case be reopened as it concerns your request for a [SSB] for FY 98." Petitioner's SSB for FY 97 did not select him, accordingly, he submitted the letters at enclosure (3) asking that his case be reopened. He has initiated litigation in the United States District Court for the District of Columbia.

2. The Board, consisting of Ms. Humphrey and Messrs. Mann and Silberman, reviewed Petitioner's allegations of error and injustice on 6 January 2006, and pursuant to its regulations,



DEFENDANT'S EXHIBIT D

determined that the corrective action indicated below should be taken on the available evidence of record. Documentary material considered by the Board consisted of the enclosures, naval records, and applicable statutes, regulations and policies.

3. The Board, having reviewed all the facts of record pertaining to Petitioner's allegations of error and injustice, determined that the corrective action indicated below should be taken on the available evidence of record:

    a. Before applying to this Board, Petitioner exhausted all administrative remedies available under existing law and regulations within the Department of the Navy.

    b. Although it appears that Petitioner's application, as it relates to FY 97, was not filed in a timely manner, it is in the interest of justice to waive the statute of limitations and review the application on its merits.

    c. Petitioner contends his constitutional rights to due process and equal protection were violated by the precept for the FY 97 and 98 promotion boards, the pertinent portion of which, concerning women and minorities, is at enclosure (4). He also objects that the letter of 19 July 2004 notifying him that the SSB for FY 97 had not selected him reflected an incorrect Social Security Number (SSN). As shown at enclosure (2), the Office of the Judge Advocate General recommended granting Petitioner SSB consideration for FY 97, which was approved, because the FY 97 and 98 promotion boards selected female and minority officers, so it is a possibility that the language in the precept concerning women and minorities disadvantaged Petitioner, who was in neither category.

    d. In correspondence attached as enclosure (5), PERS-480, the Navy Personnel Command office having cognizance over officer promotions, commented to the effect that Petitioner's FY 97 failure of selection should stand, as the SSB did not select him; but that he should have an SSB for FY 98 on the same basis as that used to grant the SSB for FY 97. PERS-480 reported that their investigation revealed Petitioner's SSB for FY 97 had been conducted properly, notwithstanding the SSN error in his notification letter (Plaintiff Exhibit 5 of the court complaint enclosed with Petitioner's letter at enclosure (6)).

    e. In enclosure (6), Petitioner contended that his FY 97 failure of selection should be removed because the precept for that promotion board disadvantaged officers who were not women

2

or minorities. He enclosed a copy of his complaint to the United States District Court for the District of Colubia.

CONCLUSION:

Upon review and consideration of all the evidence of record, and especially in light of the contents of enclosure (5), the Board finds the existence of an injustice warranting partial relief, specifically, Petitioner's SSB consideration for FY 98 with status as having failed of selection. The Board agrees with PERS-480 in finding Petitioner's FY 97 failure of selection should stand, as he was not selected by the SSB; and it has not been shown that his SSB consideration was defective. The Board further agrees with PERS-480 that SSB consideration for FY 98 should be approved, as it is possible the precept disadvantaged Petitioner. If the SSB for FY 98 selects Petitioner, his FY 98 failure will be removed administratively. If he is not selected, this would effectively establish that the failure should stand. In view of the above, the Board recommends the following limited corrective action:

RECOMMENDATION:

    a. That Petitioner be granted an SSB, conducted with a precept that does not include guidance regarding women or minorities, for the FY 98 Reserve Line Captain Selection Board.

    b. That any material or entries inconsistent with or relating to the Board's recommendation be corrected, removed or completely expunged from Petitioner's record and that no such entries or material be added to the record in the future.

    c. That any material directed to be removed from Petitioner's naval record be returned to the Board, together with a copy of this Report of Proceedings, for retention in a confidential file maintained for such purpose, with no cross reference being made a part of Petitioner's naval record.

    d. That the remainder of Petitioner's request be denied.

4. It is certified that a quorum was present at the Board's review and deliberations, and that the foregoing is a true and complete record of the Board's proceedings in the above entitled matter.

ROBERT D. ZSALMAN  
Recorder

JONATHAN S. RUSKIN  
Acting Recorder

5. The foregoing report of the Board is submitted for your review and action.

W. DEAN PFEIFFER

Recommendations b, c and d reviewed and approved; recommendation a reviewed and approval recommended.

1-18-06

Consideration by an SSB, conducted with a precept that does not include guidance regarding women or minorities, for the FY 98 Reserve Line Captain Selection Board is approved:

JAN 2 6 2006

Donald C. Winter  
Secretary of the Navy

4